## Commonwealth *v.* Wright, Appellant.

40

Argued March 25, 1958. Before RHODES, P. J., GUN-
THER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.
(HIRT, J., absent).

*Leslie P. Hill,* with him *E. Washington Rhodes,* for
appellant.

*Domenick Vitullo,* Assistant District Attorney, with him *Juanita Kidd Stout,* Assistant District Attorney, *James N. Lafferty,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY GUNTHER, J., June 11, 1958:

James Wright was convicted of burglary and larceny on a bill of indictment charging burglary, larceny, and receiving stolen goods. He was found not guilty of receiving stolen goods. On another bill he was convicted of conspiracy.

He was sentenced from one to five years on May 27, 1957, and his appeal to this Court was filed on July 8, 1957, but the writ of certiorari was not filed until July 29, 1957.

The Commonwealth urges that the appeal should be quashed because the writ was not filed within the prescribed forty-five days or a reasonable time thereafter.

The Act of May 11, 1927, P. L. 972, No. 464, section 1; 12 P.S. 1136, provides in part:

". . . No appeal shall be allowed, in any case, from a sentence or order of any court of quarter sessions or oyer and terminer, unless taken within forty-five days from the entry of the sentence or order . . . Appeals taken after the times herein provided for shall be quashed on motion. . . ."

The Act of May 19, 1897, P. L. 67, section 2, 12 P.S. section 1134, provides that no appeal shall be considered perfected until a writ of certiorari is filed in the court below. The appeal in this case was not perfected until eighteen days after the expiration of the forty-five days period from the entry of judgment and sentence.

A number of decisions are cited in support of Commonwealth's views. In *Commonwealth v. Peters,* 178 Pa. Superior Ct. 82, 113 A. 2d 327, we held that the

statutory provision is mandatory and there is no room for the exercise of discretion on the part of the Court. See also, *Commonwealth v. Schneiderman,* 162 Pa. Superior Ct. 461, 58 A. 2d 196. When an Act of Assembly fixes the time within which an appeal may be taken, courts have no power to extend it or to allow an appeal nunc pro tunc, except where there is a showing of fraud or its equivalent. Although the Commonwealth has shown sufficient reason why the appeal should be quashed, we have decided to review the history of the case to determine whether there are any merits in appellant's contention that he did not receive a fair trial.

On October 19, 1956, an automobile operated by William Young was observed turning through a red light at "F" Street and Roosevelt Boulevard. The driver was stopped by a park guard who demanded to see the operator's license and the registration card. The driver did not have the registration card and the officer was about to bring him and appellant, who was also in the car, to the police district court when William Young attempted to get away. Several shots were fired by the police and the car came to a halt, but the driver and appellant got away. Appellant, however, was found about 200 feet from the car hiding under a porch on North Broad Street. Upon looking in the rear trunk of the car, a cash register containing $400.00 was found by the officer. This cash register was identified by Walter Schneyer, proprietor of a delicatessen store at 5087 "F" Street as the register which had been removed from his store. It was also disclosed that William Young, the driver, was an employee of Walter Schneyer.

The defendant testified that he got into the car at the invitation of William Young at 12:00 midnight; that Young drove near the delicatessen store, stopped and got out leaving him in the car. He further said

that at no time did he have knowledge that Young intended to enter the store or that the cash register was placed in the car. He also said that during the shooting he fled solely because of fear.

In his argument for a new trial, appellant attempted to show that the trial judge in his charge to the jury committed certain reversible errors. He urges that the trial judge neglected to charge that if appellant had no knowledge of the presence of the cash register in the car then he should be acquitted. An examination of the record reveals that the judge's charge on this point was as follows:

"You have heard the defendant, and he told you his side of the story, which you are bound to consider, and that is, that he knows nothing about this. . . . It is up to you to say who is telling the truth."

Appellant also complains that the district attorney, in response to a juror who asked about the weight of the register, said that it weighed 65 pounds without some evidence as to the weight of the register being in the record.

The juror was apparently trying to determine whether the register could be lifted by one man.

On this point the court instructed the jury as follows:

"That is something that you have to consider. There is no evidence before you that one man can or that one cannot lift it. It is entirely up to you to unanimously say." This, we believe, corrected any information volunteered by the district attorney as to the weight of the register. It should also be noted that at no time was there an objection made or exceptions taken by counsel for appellant.

The other reason assigned for a new trial is the removal of the count of receiving stolen goods. The trial judge asked the prosecuting attorney whether he was

pressing the stolen goods charge, and the prosecuting attorney said, "No, sir, I am not." The court thereupon made the following statement:

"On the charge of receiving stolen goods, I would say that you should find him not guilty since the evidence is very weak. So you have burglary and larceny on one Bill and conspiracy on the other."

We fail to comprehend how the removal of the count of receiving stolen goods in any way prejudiced appellant's cause, but if the counsel felt that the count was wrongfully withdrawn, it was his duty to call the court's attention to it. It is to be noted that the trial judge asked counsel for appellant at the conclusion of the charge whether he desired him to say anything, and the answer was, "No, sir."

With these facts before us we are at a loss to find how appellant failed to receive a fair trial; the judgment and sentence of the court should be affirmed.

Judgment affirmed.