378 A.2d 893

**PROVIDENT NATIONAL BANK**

v.

**Jerome S. ROOKLIN, Appellant.**

Superior Court of Pennsylvania.

Argued June 13, 1977.

Decided Oct. 6, 1977.

Wilbur Greenberg, Philadelphia, for appellant.

Henry W. Asbill, Philadelphia, with him Tyson W. Coughlin, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in granting appellee's motion for summary judgment and in denying his petition for reconsideration. Because appellant failed to appeal from the grant of summary judgment, we do not reach the merits of that contention. We affirm the denial of appellant's petition for reconsideration.

On December 3, 1974, Provident National Bank, appellee, filed a complaint in assumpsit against appellant which sought judgment on three promissory notes totaling $113,-881.64 including principal and interest. After taking depositions and filing interrogatories, appellee moved for summary judgment on June 16, 1976. After argument on the motion, the lower court granted summary judgment to appellee on September 21, 1976. On October 20, 1976, appellant filed a petition for reconsideration with the lower court. The court denied the petition in an order dated October 21, 1976. On November 15, 1976, appellant filed notice of an appeal from the October 21 order.

Appellant contends that the lower court erred in granting appellee's motion for summary judgment. Appellee responds that our Court has no jurisdiction to consider the merits of the grant of summary judgment because appellant failed to take an appeal within the statutorily mandated time period.[1] The docket entries reveal that appellant did not file an appeal within 30 days from the entry of summary judgment.

Prior to the adoption of the Pennsylvania Rules of Appellate Procedure (Pa.R.A.P.), 42 Pa.C.S., Pennsylvania case

---

1. The applicable time period in the instant case was 30 days, see text infra.

law was unequivocal on the effect of a failure to perfect a timely appeal. *Commonwealth v. Lord,* 230 Pa.Super. 96, 100, 326 A.2d 455, 458 (1974), summarized the applicable case law:

"In taking an appeal, the appellant must comply with all applicable statutory requirements. *Massachusetts Bonding & Insurance Company v. Johnston & Harder, Inc.,* 330 Pa. 336, 199 A. 216 (1938). Pursuant to the Act of July 31, 1970, P.L. 673, No. 223, art. V, § 502 (17 P.S. § 211.502(a)) an appeal to this court 'from any order shall be filed within thirty days of its entry.' Time limitations for the taking of appeals have been strictly construed by Pennsylvania courts in the past. See, e. g., *Commonwealth v. Peters,* 178 Pa.Super. 82, 113 A.2d 327 (1955); *Commonwealth v. Schneiderman,* 162 Pa.Super. 461, 58 A.2d 196 (1948). It is also recognized that '[w]hen an Act of Assembly fixes the time within which an appeal may be taken, courts have no power to extend it or to allow an appeal nunc pro tunc, except where there is a showing of fraud or its equivalent.' *Commonwealth v. Wright,* 187 Pa.Super. 39, 42, 142 A.2d 336, 337 (1958). See also *Ifft v. Hunter,* 202 Pa.Super. 487, 489, 198 A.2d 436, 437 (1964) ('we [Superior Court] must take notice of the defect [untimely appeal] and there is no room for the exercise of discretion on our part'); *Commonwealth v. Yorktowne Paper Mills, Inc.,* 419 Pa. 363, 214 A.2d 203 (1965) (cases cited therein); *Commonwealth ex rel. Nicosia v. Nicosia,* 184 Pa.Super. 440, 136 A.2d 135 (1957)."

Pennsylvania courts have consistently held that an untimely appeal must be quashed. *West Penn Power Co. v. Goddard,* 460 Pa. 551, 333 A.2d 909 (1975); *Nardo v. Smith,* 448 Pa. 38, 292 A.2d 377 (1972); *Luckenbach v. Luckenbach,* 443 Pa. 417, 281 A.2d 169 (1971); *Commonwealth v. Yorktowne Paper Mills, Inc.,* 419 Pa. 363, 214 A.2d 203 (1965); *Kellman v. McShain,* 369 Pa. 14, 85 A.2d 32 (1951).

Moreover, Pennsylvania courts have repeatedly held that a petition for reconsideration, rehearing, or reargument does not affect the final judgment unless the court retains

control, as for example by staying all proceedings. A motion for reconsideration or for a rehearing and proceedings thereon does not have the effect of tolling the appeal statute when no stay has been granted pending the rule. *Merrick Estate,* 432 Pa. 450, 247 A.2d 786 (1968); *Cumberland Val. S. & L. Assn. v. Myers,* 396 Pa. 331, 153 A.2d 466 (1959); *Baily Petition,* 365 Pa. 613, 76 A.2d 645 (1950); *Seem's Estate,* 341 Pa. 198, 19 A.2d 60 (1941); *Henry's Estate,* 290 Pa. 537, 139 A. 198 (1927); *Silver, Lovitz & Atkinson v. Scaltrito,* 239 Pa.Super. 253, 361 A.2d 705 (1976). In *Silver,* appellee took a default judgment on January 7, 1975. Appellant filed a petition to open which the lower court denied on February 27, 1975. On April 7, 1975, appellant filed a petition for reconsideration of its petition to open. On April 9, 1975, the lower court denied the petition for reconsideration. On April 22, 1975, appellant filed an appeal to our Court. We quashed the appeal and stated: "The Act of July 31, 1970, P.L. 673, No. 223, art. V, § 502 (17 P.S. § 211.502(a)) provides that an appeal to this court 'from any order shall be filed within thirty days of its entry.' Appellant's petition to open the default judgment was denied on February 27, 1975. Since there was no stay of these proceedings by the lower court, the time for appeal on this case commenced on that date. Appellant's subsequent petition for reconsideration had no effect on the appeal period." *Silver* presented a factual situation almost identical to the case at bar. However, the Pennsylvania Supreme Court has subsequently adopted the Rules of Appellate Procedure which became effective on July 1, 1976, and are applicable to the instant case. We must, therefore, determine whether the new Rules mandate a different result.

■ Rule 903(a) prescribes the time for filing an appeal. "Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken."

Rule 105(b) expressly prohibits an appellate court from enlarging the time for filing a notice of appeal. It states:

"An appellate court for good cause shown may upon application enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time, but the court may not enlarge the time for filing a notice of appeal, a petition for allowance of appeal, a petition for permission to appeal, or a petition for review."

The comment to subdivision (b) makes it clear that courts retain the power to grant relief in the case of fraud or breakdown in the processes of a court. Rule 903(b) is based upon section 502(a) of the Appellate Court Jurisdiction Act.[2] See Comment to Rule 903. The new Rules do not manifest an intent to depart from prior law with respect to the effect of an untimely appeal. In fact, the Rules simply restate the requirements of the prior law. Untimely appeals continue to raise a jurisdictional issue. Therefore, we reiterate our prior position and hold that when a statute requires that an appeal be filed within a certain period of time, an untimely filing will not perfect the appeal. Thus, the effect of the failure to comply with 903(a), is that the appeal must be quashed.

■ We now consider what effect the filing of a petition for reconsideration will have upon the running of the appeal time under the new Rules. Rule 1701 provides, in pertinent part:

"(a) Except as otherwise prescribed by these rules, after an appeal is taken or a petition for allowance of appeal is filed in a matter or review of a quasijudicial order is sought, the lower court or other government unit may no longer proceed further in the matter.

"(b) After an appeal is taken or a petition for allowance of appeal is filed in a matter or review of a quasijudicial order is sought, the lower court or other government unit may:

2. Act of July 31, 1970, P.L. 673, No. 223, art. V, § 502; 17 P.S. § 211.502(a):

"(a) Except as otherwise provided in this section an appeal under this act from any order shall be filed within thirty days of its entry." ·

"(1) Take such action as may be necessary to preserve the status quo, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed and transmitted, grant leave to appeal in forma pauperis, grant supersedeas, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding.

"(2) Enforce any order entered in the matter, unless the effect of the order has been superseded as provided in this chapter.

"(3) Grant reconsideration of the order which is the subject of the appeal or petition, if:

"(i) an application for reconsideration of the order is filed in the lower court or other government unit within the time provided or prescribed by law; and

"(ii) an order expressly granting reconsideration of such prior order is filed in the lower court or other government unit within the time prescribed by these rules for the filing of a notice of appeal, petition for allowance of appeal or petition for review of a quasijudicial order with respect to such prior order, or within any shorter time provided or prescribed the law for the granting of reconsideration.

"A timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal or petition for allowance of appeal or petition for review of a quasijudicial order theretofore or thereafter filed or docketed with respect to the prior order, and the clerk of any court in which such an inoperative notice or petition is filed or docketed shall upon praecipe of any party note on the docket that such notice or petition has been stricken under this rule."

As the comment to § 1701(b)(3) indicates, this subdivision is intended to resolve the question of the effect of an application for reconsideration on the appeal process.[3] The Rule

3. In *Alco Parking Corp. v. Pittsburgh,* 453 Pa. 245, 307 A.2d 851 (1973), rev'd on other grounds, 417 U.S. 369, 94 S.Ct. 2291, 41 L.Ed.2d 132 (1974), the Pennsylvania Supreme Court held that if the

permits the lower court to grant reconsideration if action is taken during the applicable appeal period. It also precludes the possibility that the power to grant reconsideration could be inadvertently foreclosed by appellant's taken a "snap" appeal. Rule 1701 clearly contemplates that a party will simultaneously file notice of its appeal and its petition for reconsideration. If the petition is meritless, the lower court may deny the application. The prior notice of appeal retains its validity and prevents the possibility that the appeal time will run while the petition for reconsideration is pending. If the application has merit, the lower court may grant the petition. In that instance, the notice of appeal becomes inoperative. After the court reconsiders the merits of the claim, it will enter a new order. The appeal time runs anew from the entry of the order. This Rule resolves the dilemma of a party who finds himself before two courts at once. Subdivision (3) of 1701 only becomes operative after the provisions of its heading (b) have been met. Rule 1701(b) clearly provides that *"after an appeal is taken . . ."* the lower court may grant or deny a petition for reconsideration. We believe that the new Rule expressly embodies the prior rule that, absent a stay or order granting reconsideration issued by the lower court, a petition for reconsideration does not toll the statutorily mandated appeal time. To hold otherwise would permit a party to employ dilatory tactics as a strategy.

■ In the instant case, appellant failed to file an appeal from the grant of summary judgment. Appellant's petition for reconsideration did not toll the appeal statute; a stay was neither requested nor granted; nor did the lower court grant reconsideration. Therefore, the grant of summary

lower court *grants* a petition for reargument within the 30 day appeal period, the court necessarily indicated an intention to stay the proceedings during reargument, pending any change or modification in its original order. They further stated that, under those circumstances, appellant's failure to file an appeal within 30 days of the original order would not result in the jurisdictional defect of an untimely appeal. Rule 1701 resolves the problems that the Supreme Court confronted in *Alco.*

judgment is not properly before us and we do not reach the merits of the claim.

█ Appellant has appealed from the order denying his petition for reconsideration. Pennsylvania case law is absolutely clear that the refusal of a trial court to reconsider, rehear, or permit reargument of a final decree is not reviewable on appeal. We will not permit appellant to do indirectly that which he cannot do directly. *Merrick Estate,* supra; *Baily Petition,* supra; *Seem's Estate,* supra; *Henry's Estate,* supra; *McCready v. Gans,* 242 Pa. 364, 89 A. 459 (1913). See also *Cumberland Val. S. & L. Assn. v. Myers,* supra; *First Baptist Church at Pittsburgh v. Pittsburgh,* 341 Pa. 568, 20 A.2d 209 (1941); *Silver, Lovitz & Atkinson v. Scaltrito,* supra.

Order affirmed.

PRICE, J., did not participate in the consideration or decision of this case.