J-S06023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CHRISTOPHER L. GIDDINGS, ESQUIRE, INDIVIDUALLY AND AS AN AGENT AND/OR PRINCIPAL OF CHRISTOPHER L. GIDDINGS, P.C. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANNY ELMORE, ESQUIRE INDIVIDUALLY AND AS AN AGENT AND/OR PRINCIPAL OF ELMORE, PUGH & WARREN, P.C. AND JEFFREY B. KILLINO, ESQUIRE INDIVIDUALLY AND AS AN AGENT AND/OR PRINCIPAL OF THE KILLINO FIRM, P.C. | |
| APPEAL OF: JEFFREY B. KILLINO, ESQUIRE | |
| | No. 312 EDA 2014 |

Appeal from the Order October 16, 2012
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 1212

BEFORE: BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED JUNE 11, 2015**

Jeffrey Killino, Esquire, appeals from the order of the Court of Common Pleas of Philadelphia County dated October 16, 2012, which granted Appellee Christopher Giddings, Esquire's, motion for costs and expenses

---

[*] Former Justice specially assigned to the Superior Court.

connected to discovery in aid of execution in the amount of $10,048.00 and $500.00 for counsel fees. Upon careful review, we quash the appeal.

This case arises out of a dispute between attorneys over counsel fees in a matter that settled for $4.5 million, ***Jordan v. Nazareth Hospital, et al***, Philadelphia CCP, February Term 2008; No. 1054. On July 12, 2010, Giddings filed a complaint in declaratory judgment seeking an order directing Killino to pay him an agreed upon referral fee of 33 1/3 percent of the attorney fee in ***Jordan***. As the matter progressed, the court granted Giddings' motion to compel interpleader, denied Killino's motion for summary judgment, and on June 28, 2011, granted Giddings' motion for summary judgment and ordered Killino to pay Giddings $550,333.33 immediately.

On July 5, 2011, Killino filed an appeal to this Court. However, he did not file "with the clerk of the lower court . . . appropriate security in the amount of 120% of the amount found due to the lower court and remaining unpaid," as required by Pa.R.A.P. 1731(a). Accordingly, there was no automatic supersedeas. Because Killino did not pay the amount owed, and there was no supersedeas, on July 29, 2011, while the appeal was pending, Giddings issued writs of execution against Killino's real estate, bank accounts and personal property. On November 11, 2011, Giddings filed a motion for reimbursement of fees associated with the issuance of the writs.

On September 7, 2012, this Court affirmed the grant of summary judgment in favor of Giddings. ***Giddings v. Elmore***, 60 A.3d 846 (Pa.

Super. 2012) (unpublished memorandum). Giddings then informed the trial court of the affirmance, and requested that the court rule on his outstanding motion for reimbursement. The court scheduled argument for October 16, 2012.

On October 9, 2012, Killino filed a petition for allowance of appeal of this Court's order.

The argument on Giddings' motion took place as scheduled on October 16, 2012, but Killino did not appear. The trial court issued an order on that date ordering Killino to pay $10,048.00 for costs and fees related to discovery in aid of execution and $500.00 for preparation and filing of the motion. Killino filed a motion for reconsideration on October 18, 2012.

By order dated October 29, 2013, the Pennsylvania Supreme Court denied Killino's petition for allowance of appeal from this Court's order granting summary judgment. *Giddings v. Elmore*, 60 A.3d 846 (Pa. 2013). Shortly thereafter, Killino filed another motion for reconsideration, which the trial court denied on December 12, 2013. On December 18, 2013, Killino filed a notice of appeal from the October 16, 2012 order for costs and fees and the December 12, 2013 order denying his motion for reconsideration.

On appeal, Killino raises the following issues for our review:

1. Did the trial court commit an error of law and/or abuse its discretion when it granted . . . Giddings['] . . . motion for costs and fees while the case was under appeal and in deferred status?

- 3 -

2. Did the trial court commit an error of law and/or abuse its discretion when it did not decide . . . Gidding['s] . . . motion for costs and fees on the merits, as . . . Killino . . . had already properly shown cause for denial of the motion for costs and fees prior to the October 2012 hearing?

3. Did the trial court commit an error of law and/or abuse its discretion when it awarded . . . Giddings . . . costs that he was prohibited from recovering?

4. Did the trial court commit an error of law and/or abuse its discretion when it awarded . . . Giddings . . . attorney's fees that he was prohibited from recovering?

5. Did the trial court commit an error of law and/or abuse its discretion when it awarded . . . Giddings . . . exorbitant attorney's fees?

Appellant's Brief at 4.

Killino's December 18, 2013 notice of appeal states that he appeals from the October 16, 2012 order granting Giddings' motion for recovery of expenses and the subsequent December 12, 2013 order denying reconsideration. As an initial matter, we note that the order denying reconsideration is not appealable. "Pennsylvania case law is absolutely clear that the refusal of a trial court to reconsider . . . a final decree is not reviewable on appeal." **Provident Nat'l Bank v. Rooklin**, 378 A.2d 893, 897 (Pa. Super. 1977). Accordingly, we focus exclusively on the October 16, 2012 order.

Killino raises two related arguments, both of which we are constrained to reject. First, he asserts that the trial court erred in granting Giddings' motion for reimbursement while the grant of summary judgment was on

- 4 -

appeal and second, he argues that his December 18, 2013 notice of appeal from the October 16, 2012 order was timely filed.

Killino relies on the general rule that "after an appeal is taken . . . the trial court or other government unit may no longer proceed further in the matter." Pa.R.A.P. 1701(a). However, Pa.R.A.P. 1701(b) provides that "after an appeal is taken . . . the trial court . . . may . . . take other action . . . . otherwise ancillary to the appeal." Pa.R.A.P. 1701(b). Rule 1701(c) clarifies that "where only a particular item, claim or assessment adjudged in the matter is involved in an . . . appeal . . . the appeal . . . shall operate to prevent the trial court . . . from proceeding further with only such item, claim or assessment." Pa.R.A.P. 1701(c). Accordingly, the only issues the trial court was precluded from addressing during the pendency Killino's appeal were those related to the entry of summary judgment in favor of Giddings.

In ***Samuel-Bassett v. Kia Motors America, Inc.***, 34 A.3d 1 (Pa. 2013), an automobile manufacturer argued that Rule 1701(b) precluded the trial court from acting on a counsel fee petition while the case was on appeal. Our Supreme Court disagreed because "Pennsylvania law is well established that a petition for attorneys' fees is an ancillary matter, which the trial court retains authority to decide after entry of judgment on the verdict." ***Id***. at 49. ***See also Old Forge School Dist. V. Highmark***, 924 A.2d 1205 (Pa. 2007) (motion for attorneys' fees constitutes separate matter properly addressed by trial court while underlying matter on appeal).

Giddings' motion for reimbursement was an ancillary matter involving costs and fees related to his attempt to execute on the summary judgment award. Although Killino filed a timely appeal of the award, he did not file "appropriate security in the amount of 120% of the amount found due by the lower court and remaining unpaid," Pa.R.A.P. 1731(a), and accordingly, there was no automatic supersedeas. With no stay in place, Giddings was entitled to execute on the judgment despite the pendency of an appeal. Accordingly, the trial court had jurisdiction to enter the October 16, 2012 order for costs and fees related to executing on the judgment.

The October 16, 2012 order was a final order because it "dispose[d] of all claims of all parties," Pa.R.A.P. 341(b)(1), and accordingly, a notice of appeal had to be "filed within 30 days after the entry of the order." Pa.R.A.P. 903(a). However, Killino did not file a notice of appeal until December 18, 2013, apparently believing that his July 5, 2011 appeal to this Court and his subsequent petition for allowance of appeal to the Supreme Court on October 9, 2012 acted to stay any action on Giddings' motion for reimbursement. As explained herein, this conclusion was mistaken.

Under Rule 903(a), Killino had until November 16, 2012 to file a notice of appeal. Mindful that "the court may not enlarge the time for filing of a notice of appeal," Pa.R.A.P. 105(b), we are constrained to quash Killino's appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/11/2015