J-S38010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID PETKO | : | |
| | : | |
| Appellant | : | No. 272 EDA 2017 |

Appeal from the Order Entered November 21, 2016
In the Court of Common Pleas of Monroe County
Criminal Division at No(s):  CP-45-CR-0000781-2014

BEFORE:   GANTMAN, P.J., SHOGAN, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:                **FILED JUNE 30, 2017**

Appellant, David Petko, appeals from the order entered in the Monroe County Court of Common Pleas, which denied his most recent motion for waiver or reduction of the court costs and fines imposed as a result of his July 8, 2014 conviction and sentence for one count of driving under the influence of a controlled substance ("DUI"), as a second offense.

The trial court opinion sets forth the relevant facts and procedural history of this case as follows:

> On July 8, 2014, [Appellant] entered a *nolo contendere* plea to Amended Count I, DUI, general impairment as a second offense, and was sentenced to a period of incarceration and payment of fines and costs.  On October 19, 2016, [Appellant] filed an "Expungement of All Cost (sic) and Fines."  In that filing, [Appellant] mostly raised issues with the arrest and conviction.  He also raised an issue of health insurance allegedly paying some of the DUI testing costs; however, he attaches no proof from his

_____

*Former Justice specially assigned to the Superior Court.

alleged insurance carrier. In fact, the record of Pocono Medical Center purports to be a payment made by the "Special Programs Insurance Payment" believed to be administered by the County for the Office of the District Attorney. Appellant's request for "Expungement of Cost and Fines" was denied by Order dated October 20, 2016. No appeal was taken.

[Appellant] next filed a "Waiver of Court Cost (sic) and Fines Under 234 Pa.Code Rule 456 and 42 Pa.C.S.A. 9730 (b)(3)" on November 18, 2016. Appellant again contended that he should not have entered a plea and was coerced or misled in doing so. Appellant also contended he was without funds to pay his costs and fines and attached as proof copies of his SSD, Medical Assistance, and other benefits. [Appellant] requested community service in lieu of his fines and costs. The request was denied by Order dated November 21, 2016.

[Appellant] then filed his Petition for Reconsideration on November 30, 2016. He again stated he was without funds, and was requesting a modification to allow community service in lieu of costs and fines due. An Order was entered December 2, 2016 denying the relief requested, which [Appellant] has now appealed.

(Trial Court Opinion, January 18, 2017, at 1-2). Appellant filed his notice of appeal on January 3, 2017. The court ordered Appellant on January 4, 2017, to file a concise statement of errors complained of on appeal, per Pa.R.A.P. 1925(b). Appellant complied on January 11, 2017.

Appellant raises the following issues on appeal:

[WHETHER THE TRIAL COURT ERRED WHEN IT DID] NOT HEAR THE TRIAL SET AND [ACCEPTED] A GUILTY PLEA?

[WHETHER THE TRIAL COURT ERRED WHEN IT FAILED TO REMOVE DEFENSE COUNSEL AND APPOINT NEW COUNSEL FOR APPELLANT]?

[WHETHER THE TRIAL COURT ERRED WHEN IT DENIED

- 2 -

APPELLANT'S PETITIONS TO WAIVE COURT COSTS AND FINES]?

(Appellant's Brief at 6).

As an initial matter, we observe a notice of appeal must be filed within thirty (30) days after the entry of the order from which the appeal is taken. Pa.R.A.P. 903(a). The notice of appeal shall be filed with the clerk of the trial court; "[u]pon receipt of the notice of appeal the clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken, which date shall be shown on the docket." Pa.R.A.P. 905(a)(3). Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. *Commonwealth v. Valentine*, 928 A.2d 346 (Pa.Super. 2007). This Court can raise the matter *sua sponte*, as the issue is one of jurisdiction to entertain the appeal. *Id.* This Court has no jurisdiction to entertain an untimely appeal. *Commonwealth v. Patterson*, 940 A.2d 493 (Pa.Super. 2007), *appeal denied*, 599 Pa. 691, 960 A.2d 838 (2008). Generally, an appellate court may not enlarge the time for filing a notice of appeal. Pa.R.A.P. 105(b). Extension of the appeal filing period is permitted only in extraordinary circumstances, such as fraud or some breakdown in the court's operation. *Commonwealth v. Braykovich*, 664 A.2d 133 (Pa.Super. 1995), *appeal denied*, 544 Pa. 622, 675 A.2d 1242 (1996).

When an appellant files a motion for reconsideration of a final order, he must file a protective notice of appeal to ensure preservation of his

appellate rights, in the event the court does not expressly grant reconsideration within the thirty-day appeal period. ***Commonwealth v. Moir***, 766 A.2d 1253, 1254 (Pa.Super. 2000). In other words, the mere filing of a motion for reconsideration does not toll the thirty-day appeal period:

> It is well-settled that, upon the filing of a motion for reconsideration, a trial court's action in granting a rule to show cause and setting a hearing date is insufficient to toll the appeal period. Rather, the trial court must expressly grant reconsideration within thirty days of entry of its order.

***Id.*** (internal citations omitted).

Moreover, "we have consistently held that an appeal from an order denying reconsideration is improper and untimely." ***Id.*** In this context, the appeal does not lie from the order denying reconsideration; filing an appeal from that order is insufficient to preserve appellate rights, as "we will not permit appellant to do indirectly that which he cannot do directly." ***Provident Nat. Bank v. Rooklin***, 378 A.2d 893, 897 (Pa.Super. 1977).[1]

Instantly, Appellant filed his most recent motion for waiver or reduction of court costs and fines on November 18, 2016. The court denied relief on November 21, 2016. Appellant filed a motion for reconsideration on

---

[1] Generally, the Rules of Appellate Procedure apply to criminal and civil cases alike; the principles enunciated in civil cases construing those rules are equally applicable in criminal cases. ***See Commonwealth v. Levanduski***, 907 A.2d 3, 29 n.8 (Pa.Super. 2006) (*en banc*) (stating rules of appellate procedure apply to criminal and civil cases alike).

November 30, 2016, and the court denied reconsideration on December 2, 2016. Appellant's current appeal did not lie from the December 2nd order denying reconsideration. *See Provident Nat. Bank, supra*. Instead, Appellant had only until December 21, 2016 to file a notice of appeal from the November 21st final order denying relief. *See Moir, supra.* Appellant did not file his notice of appeal until January 3, 2017, which is patently untimely.

Moreover, the record contains no evidence of extraordinary circumstances such as a court holiday or closing, or a breakdown in the operations of the court, to excuse Appellant's untimely filing. *See Braykovich, supra* (stating extension of appeal filing period is permitted only in extraordinary circumstances, such as fraud or some breakdown in court's operation). Therefore, Appellant's failure to file the notice of appeal within thirty days of the November 21, 2016 order denying his motion for waiver or reduction of court costs and fines divested this Court of appellate jurisdiction. *See* Pa.R.A.P. 903; *Patterson, supra*. Accordingly, we dismiss this appeal as untimely.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/30/2017