J-S71042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAHID PARHAM, | |
| Appellant | No. 761 EDA 2016 |

Appeal from the Judgment of Sentence June 18, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0015369-2013

BEFORE:  PANELLA, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED FEBRUARY 13, 2018**

Appellant, Shahid Parham, appeals from the June 18, 2015 judgment of sentence entered following his non-jury conviction of robbery, burglary, conspiracy, and various weapons offenses.[1]  The trial court acquitted Appellant of aggravated assault.[2]  Because the appeal is untimely, we quash.

We briefly note that the charges arose out of the September 10, 2013 armed robbery of the victim, Dwayne Davis.  (**See** Trial Court Opinion, 10/05/16, at 3-5).  During a struggle over Appellant's gun, the victim gained

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 3502(a)(1), 903, 6106(a)(1), 6105(a)(1), and 6110.1(a), respectively.

[2] 18 Pa.C.S.A. § 2702(a).

control of the weapon and fired at both Appellant and his co-conspirator and cousin, Muhammad Munson, killing Munson and wounding Appellant. (*See id.*).

A non-jury trial took place on April 9, 2015. At the close of trial, a dispute arose over whether Appellant's actions fit the legal definition of burglary, because, believing that Appellant was there to purchase a watch from him, the victim admitted Appellant into his home. (*See* N.T. Trial, 4/09/15, at 179-81). After hearing argument on the issue, the trial court stated:

> . . . I'm finding [Appellant] not guilty of aggravated assault.
>
> **I find him guilty of the other charges.** With regard to burglary, it's up to the two of you to see what the case law says. **I'll reconsider the burglary charge** in an oral or written, whatever you want, post-trial motion. . . .

(*Id.* at 183) (emphases added). When asked about a period for filing a motion or submitting case law on the burglary issue, the court stated that the parties could file papers before sentencing. (*See id.* at 183-84). Neither party filed any written motions prior to sentencing.

Sentencing took place on June 18, 2015. At sentencing, the Commonwealth submitted case law in support of its position that Appellant's action fit the definition of burglary. (*See* N.T. Sentencing, 6/18/15, at 8-9). However, Appellant's counsel disputed that the trial court had found Appellant guilty of burglary and sought a continuance of sentencing in order to obtain the notes of testimony. (*See id.* at 4-17). The trial court denied the request

for a continuance and, after acknowledging receipt of the pre-sentence investigation report and hearing witness testimony, proceeded to sentence Appellant to an aggregate term of incarceration of not less than thirty-two nor more than sixty-four years. (***See id.*** at 14, 22, 91-92).

On June 23, 2015, Appellant filed a timely post-sentence motion for reconsideration of sentence, raising, in part, his claim that the trial court never convicted him of burglary. (***See*** Motion for Reconsideration of Sentence, 6/23/15, at unnumbered page 1). On October 22, 2015, the trial court, following a hearing, denied the motion. On November 10, 2015, Appellant filed a motion for extraordinary relief, seeking reconsideration of the October 22, 2015 order. (***See*** Motion for Extraordinary Relief, 11/10/15, at 2). The trial court took no action on this motion.

On March 4, 2016, Appellant filed a notice of appeal. On July 5, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal. ***See*** Pa.R.A.P. 1925(b). On July 25, 2016, Appellant filed a timely Rule 1925(b) statement. ***See id.*** On October 5, 2016, the trial court issued an opinion. ***See*** Pa.R.A.P. 1925(a).

On March 21, 2016, this Court issued a rule to show cause as to why we should not dismiss the appeal as untimely filed. Appellant filed a response on March 30, 2016.

On appeal, Appellant raises the following questions for our review:

1) [Did] the [trial] court commit[] error when it originally withheld judgment on the charge of burglary only to later state at the

- 3 -

sentencing hearing that it had found the Appellant guilty of that charge[?]

2) [Did] the [trial] court commit[] error at sentencing when it did not permit counsel to obtain the notes of testimony from the bench trial which would have shown that the court had not made a final determination of guilt on the charge of burglary but rather had permitted counsel to research the issue and present argument on a later date[?]

3) [Was] the sentence received by the Appellant . . . so extreme as to be an abuse of discretion and warrants a re-sentencing hearing[?]

(Appellant's Brief, at 7) (unnecessary capitalization omitted).

The Commonwealth argues that we should quash this appeal as untimely filed. (*See* Commonwealth's Brief, at 6, 8-10). We agree.

It is settled law that a notice of appeal must be filed within thirty days after the entry of the order from which the appeal is taken. *See* Pa.R.A.P. 903(a). A party must file the notice of appeal with the clerk of the trial court; "[u]pon receipt of the notice of appeal the clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken, which date shall be shown on the docket." Pa.R.A.P. 905(a)(3). We strictly construe time limitations for taking appeals and cannot extend them as a matter of grace. *See Commonwealth v. Valentine*, 928 A.2d 346, 349 (Pa. Super. 2007). This Court can raise the matter *sua sponte*, as the issue is one of jurisdiction to entertain the appeal. *See id.* We have no jurisdiction to entertain an untimely appeal. *See Commonwealth v. Patterson*, 940 A.2d 493, 497-98 (Pa. Super. 2007), *appeal denied*, 960 A.2d

838 (Pa. 2008). Generally, an appellate court may not enlarge the time for filing a notice of appeal. *See* Pa.R.A.P. 105(b). We permit extension of the appeal-filing period only in extraordinary circumstances, such as fraud or some breakdown in the court's operation. ***See Commonwealth v. Braykovich***, 664 A.2d 133, 136 (Pa. Super. 1995), *appeal denied*, 675 A.2d 1242 (Pa. 1996).

Where a defendant files a timely post-sentence motion, he must file his notice of appeal within thirty days of the date that the court denies the motion. ***See*** Pa.R.Crim.P. 720(A)(2)(a); ***see also*** Pa.R.A.P. 903(a).

However, when an appellant files a motion for reconsideration of a final order, he **must** file a protective notice of appeal to ensure preservation of his appellate rights, in the event the court does not expressly grant reconsideration within the thirty-day appeal period. ***See Commonwealth v. Moir***, 766 A.2d 1253, 1254 (Pa. Super. 2000). In other words, the mere filing of a motion for reconsideration does not toll the thirty-day appeal period:

> It is well-settled that, upon the filing of a motion for reconsideration, a trial court's action in granting a rule to show cause and setting a hearing date is insufficient to toll the appeal period. Rather, the trial court must expressly grant reconsideration within thirty days of entry of its order.

***Id.*** (citations omitted).

Moreover, "we have consistently held that an appeal from an order denying reconsideration is improper and untimely." ***Id.*** (citation omitted). In this context, the appeal does not lie from the order denying reconsideration;

filing an appeal from that order is insufficient to preserve appellate rights, as "[w]e will not permit appellant to do indirectly that which he cannot do directly." ***Provident Nat. Bank v. Rooklin***, 378 A.2d 893, 897 (Pa. Super. 1977) (citations omitted).[3]

Here, the trial court sentenced Appellant on June 18, 2015. Appellant filed a timely post-sentence motion on June 23, 2015. The trial court denied the motion on October 22, 2015. Thus, Appellant had until November 23, 2015, to file a timely notice of appeal.[4] Instead, on November 10, 2015, Appellant filed a motion seeking reconsideration of the October 22, 2015 order; he did not file a protective notice of appeal. The trial court did not expressly grant reconsideration within thirty days and Appellant did not file a notice of appeal until March 4, 2016, which is patently untimely. ***See Moir***, ***supra*** at 1254.

Moreover, the record contains no evidence of extraordinary circumstances such as a court holiday or closing, or a breakdown in the operations of the court, to excuse Appellant's untimely filing. ***See Braykovich***, ***supra*** at 136 (stating extension of appeal filing period is

---

[3] Generally, the Rules of Appellate Procedure apply to criminal and civil cases alike; the principles enunciated in civil cases construing those rules are equally applicable in criminal cases. ***See Commonwealth v. Levanduski***, 907 A.2d 3, 29 n.8 (Pa. Super. 2006) (*en banc*), *appeal denied*, 919 A.2d 955 (Pa. 2007), *cert. denied*, 552 U.S. 823 (2007) (stating rules of appellate procedure apply to criminal and civil cases alike).

[4] The thirtieth day, November 21, 2015, was a Saturday.

permitted only in extraordinary circumstances, such as fraud or some breakdown in court's operation). Therefore, Appellant's failure to file the notice of appeal within thirty days of the October 22, 2015 order denying his post-sentence motion divested this Court of appellate jurisdiction. ***See*** Pa.R.A.P. 903; ***Patterson***, ***supra*** at 497-98. Accordingly, we quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/18