J-S01040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KARL SCOTT HEILAND | : | |
| | : | |
| Appellant | : | No. 180 MDA 2017 |

Appeal from the Judgment of Sentence November 4, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0001849-2013,
CP-67-CR-0004686-2015

BEFORE: GANTMAN, P.J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED MARCH 27, 2018**

Appellant, Karl Scott Heiland, appeals from the judgment of sentence entered in the York County Court of Common Pleas, following revocation of his intermediate punishment program ("IPP") sentence. We dismiss the appeal as untimely.

The relevant facts and procedural history of this case are as follows. On April 24, 2013, Appellant entered a negotiated guilty plea to driving under the influence ("DUI"), at docket No. CP-67-CR-0001849-2013 ("docket 1849-2013"). The court sentenced Appellant on June 17, 2013, to the negotiated five-year IPP sentence. While serving his IPP sentence, Appellant incurred new charges at docket No. CP-67-CR-0004686-2015 ("docket 4686-2015"). On October 27, 2015, Appellant entered a negotiated guilty plea to DUI and driving with a suspended license, at docket

4686-2015. The court sentenced Appellant that day to the negotiated five-year IPP sentence. Appellant's new convictions constituted violations of Appellant's sentence at docket 1849-2013, so the court revoked Appellant's IPP sentence and imposed another five-year IPP sentence, concurrent to the sentence at docket 4686-2015.

While serving his IPP sentences at dockets 1849-2013 and 4686-2015, Appellant committed another violation by failing to report certain prescription medication he was taking following surgery. The court held a revocation hearing on November 4, 2016, and revoked Appellant's IPP sentences at both dockets. The court resentenced Appellant at each docket to two to four years' imprisonment, consecutively. The court expressly stated Appellant was entitled to credit for time served and dictated the relevant dates for which credit was due.

On November 14, 2016, Appellant timely filed a motion for modification of sentence, claiming the court abused its sentencing discretion. On November 29, 2016, the court scheduled a hearing on the motion. The court held a hearing on December 27, 2016. At the conclusion of the hearing, Appellant inquired about his Recidivism Risk Reduction Incentive ("RRRI") eligibility. The court said Appellant would be RRRI eligible in three years. The court subsequently issued an order that day denying Appellant's motion for modification on the merits but noting Appellant was RRRI eligible. Appellant filed a notice of appeal on January 23, 2017, purporting to appeal

from the December 27, 2016 order, instead of the November 4, 2016 revocation sentence. On January 25, 2017, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellant timely complied.

On February 10, 2017, this Court issued a rule to show cause why the appeal should not be dismissed as untimely where Appellant did not file his appeal within 30 days of the November 4, 2016 revocation sentence. In response, Appellant claimed the court's notation that Appellant was RRRI eligible on the order denying his motion for modification constituted a "new sentence" from which Appellant timely appealed. On February 14, 2017, this Court discharged the rule to show cause, deferring the issue to the merits panel.

Appellant raises the following issues for our review:

> WHETHER A CORRECTED SENTENCING ORDER IS REQUIRED WHERE THE TRIAL COURT FOUND [APPELLANT] RRRI-ELIGIBLE BUT DID NOT IMPOSE A RRRI-MINIMUM SENTENCE.
>
> WHETHER A CORRECTED SENTENCING ORDER IS ALSO REQUIRED FOR ENTRY OF THE PROPER AMOUNT OF CREDIT FOR PRESENTENCE INCARCERATION.

(Appellant's Brief at 4).

Preliminarily, this Court has no jurisdiction to entertain an untimely appeal. ***Commonwealth v. Patterson***, 940 A.2d 493 (Pa.Super. 2007), *appeal denied*, 599 Pa. 691, 960 A.2d 838 (2008). Pennsylvania Rule of Appellate Procedure 903 provides: "Except as otherwise prescribed by this

- 3 -

rule, the notice of appeal…shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. *Commonwealth v. Valentine*, 928 A.2d 346 (Pa.Super. 2007). Generally, an appellate court may not enlarge the time for filing a notice of appeal. Pa.R.A.P. 105(b). Extension of the filing period is permitted only in extraordinary circumstances, such as fraud or a breakdown in the court's operation. *Commonwealth v. Braykovich*, 664 A.2d 133 (Pa.Super. 1995), *appeal denied*, 544 Pa. 622, 675 A.2d 1242 (1996).

"A direct appeal in a criminal proceeding lies from the judgment of sentence." *Patterson, supra* at 497. Significantly, "[a] motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of the imposition. The filing of a motion to modify sentence will not toll the 30-day appeal period." Pa.R.Crim.P. 708(E). This Court has stated:

> [U]pon the filing of a motion for reconsideration, a trial court's action in granting a rule to show cause and setting a hearing date is insufficient to toll the appeal period. Rather, the trial court must expressly grant reconsideration within thirty days of entry of its order. Failure to "expressly" grant reconsideration within the time set by the rules for filing an appeal will cause the trial court to lose its power to act on the application for reconsideration. Therefore, …although a party may petition the court for reconsideration, the simultaneous filing of a notice of appeal is necessary to preserve appellate rights in the event that either the trial court fails to grant the petition expressly within 30 days, or it denies the petition. Moreover, we have consistently held that an appeal from an order denying reconsideration is improper and untimely.

***Commonwealth v. Moir***, 766 A.2d 1253, 1254 (Pa.Super. 2000) (internal citations and quotation marks omitted).  In this context, the appeal does not lie from the order denying reconsideration; filing an appeal from that order is insufficient to preserve appellate rights, as "we will not permit appellant to do indirectly that which he cannot do directly." ***Provident Nat. Bank v. Rooklin***, 378 A.2d 893, 897 (Pa.Super. 1977). ***See also Commonwealth v. Levanduski***, 907 A.2d 3, 29 n.8 (Pa.Super. 2006) (*en banc*), *appeal denied*, 591 Pa. 711, 919 A.2d 955 (2007) (stating rules of appellate procedure apply to criminal and civil cases alike).

Instantly, the court entered Appellant's revocation sentence on November 4, 2016.  Thus, Appellant needed to file a notice of appeal by December 4, 2016. ***See*** Pa.R.A.P. 903(a).  Appellant timely filed a motion for modification of sentence on November 14, 2016.  Significantly, however, the court did **not** expressly grant reconsideration.  The court's order scheduling a hearing on Appellant's motion is no substitute for an order expressly granting reconsideration necessary to toll the appeal period. ***See*** Pa.R.Crim.P. 708(E); ***Moir, supra***.  Even if we were to accept Appellant's position that the court's December 27, 2016 order constituted a "new sentence" because it noted Appellant was RRRI eligible, the court lacked jurisdiction to modify Appellant's sentence at that time. ***See id.***  Moreover, the record contains no evidence of extraordinary circumstances such as a breakdown in the operations of the court, to excuse Appellant's untimely

- 5 -

filing.  **See Braykovich, supra**.  Thus, the trial court had no jurisdiction to modify Appellant's sentence after December 4, 2016, and we have no jurisdiction to address his appeal.[1]  Accordingly, we dismiss the appeal as untimely.

Appeal dismissed.

_____

[1] In its Rule 1925(a) opinion, the trial court acknowledged that it discussed Appellant's RRRI eligibility at the December 27, 2016 hearing, and stated Appellant would be RRRI eligible in three years.  The court said that upon remand from this Court, it would be inclined to enter a corrected sentencing order that more clearly imposed the RRRI minimum sentence.  The trial court also agreed Appellant was entitled to 358 days' credit for time served. The Commonwealth did not oppose Appellant's request for a remand to fix these errors.  Given our disposition, Appellant's recourse might be to file an original action for relief in the Commonwealth Court.  **See Commonwealth v. Wyatt**, 115 A.3d 876 (Pa.Super. 2015) (holding original action in Commonwealth Court was proper procedural avenue for defendant to pursue his claim that Department of Corrections miscalculated credit for time served); **Commonwealth v. Heredia**, 97 A.3d 392 (Pa.Super. 2014), *appeal denied*, 628 Pa. 637, 104 A.3d 524 (2014) (explaining appropriate vehicle for redress of appellant's claim that Department of Corrections failed to award him credit for time served, as stated by sentencing court, is original action in Commonwealth Court challenging computation of sentence).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/27/2018