J-S28039-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| LUIS ANGEL VELEZ-NIEVES | : | |
| | : | |
| Appellee | : | No. 1674 MDA 2021 |

Appeal from the Order Entered October 22, 2021
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0000504-2020

BEFORE: OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED: DECEMBER 15, 2022**

Appellant, the Commonwealth of Pennsylvania, appeals from the order entered in the York County Court of Common Pleas, which granted the pretrial motion of Appellee, Luis Angel Velez-Nieves, which sought to determine the grading of a charge against him. We quash the appeal.

The trial court opinion set forth the relevant facts and procedural history of this appeal as follows:

> [Appellee] was charged with a first offense driving under the influence ("DUI") charge for docket CP-67-CR-0002344-2018. [Appellee] successfully completed the Accelerated Rehabilitative Disposition ("ARD") program, and the charges were expunged.
>
> On December 16, 2019, [Appellee] was charged in the instant case with DUI. On January 22, 2020, [Appellee] waived his right to a preliminary hearing and the charges were bound over. On February 24, 2020, the criminal [information] was filed.

On February 26, 2020, formal arraignment was waived.

On September 10, 2020, [Appellee] filed a motion to determine grading of offense….[1]  On September 16, 2020, the [trial court] filed an order directing the Commonwealth to file a brief.  The Commonwealth adhered to the order by filing a memorandum in opposition to [Appellee's] motion….

At the October 15, 2020 status conference, the [trial court] stated the Commonwealth should be given the opportunity to prove the first DUI occurred, under docket CP-67-CR-0002344-2018, beyond a reasonable doubt.  [Appellee] argued the Commonwealth should be prohibited from having such an opportunity.  [The trial c]ourt granted [Appellee] leave to file a supplemental motion with legal argument.

On October 26, 2020, [Appellee] filed his notice of intent to not file a supplemental motion.

On November 4, 2020, [Appellee] filed a motion for jury trial.

On December 1, 2020, the Commonwealth filed a memorandum in opposition to [Appellee's] motion for jury trial.

On January [20], 2021, [Appellee] filed a motion *in limine*, specifically objecting to any evidentiary hearing based on docket CP-67-CR-0002344-2018….

On February 23, 2021, the [trial court] denied both the motion for jury trial and motion *in limine*.

After the evidentiary hearing on April 23, 2021, the [trial court] found [Appellee] was driving under the influence for docket CP-67-CR-0002344-2018, therefore, the current

---

[1] In the motion, Appellee complained that the Commonwealth planned to rely on the 2018 ARD as a prior offense "so as to justify, in the event of conviction, recidivist grading under 75 Pa.C.S. § 3803 and a mandatory minimum sentence under 75 Pa.C.S. § 3804." (Motion, filed 9/10/20, at 2).  Appellee argued that the ARD did not constitute a prior offense.

grading of charges was proper, and the case was placed on the trial list for June 14, 2021. [The case was subsequently reassigned to a different jurist.]

On October 22, 2021, [the new jurist] vacated the April 23, 2021 order and granted [Appellee relief by permitting leave] to change grading.[2]  Because of the change in gradation, the case was scheduled for a non-jury trial on December 21, 2021.

On November 5, 2021, the Commonwealth filed a motion for reconsideration and hearing.  The hearing occurred on November 9, 2021.

On November 30, 2021, the [trial court] denied the Commonwealth's motion for reconsideration.

On December 20, 2021, the Commonwealth filed a notice of appeal.  On December 21, 2021, [the trial c]ourt filed a direction to [the Commonwealth] to file a statement of matters complained of pursuant to Pa.R.A.P. 1925(b).

On January 12, 2022, the Commonwealth filed a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

(Trial Court Opinion, filed 2/3/22, at 1-3) (unnumbered) (some capitalization omitted).

_____

[2] Regarding the decision to revisit Appellee's 2020 motion, the complete transcript for the October 22, 2021 hearing is not included in the record on appeal.  Rather, the record contains a two-page excerpt from the transcript, wherein the court provided an on-the-record announcement of its decision to vacate the prior jurist's April 23, 2021 order and grant Appellee's 2020 motion. (**See** N.T. Hearing, 10/22/21, at 1-2).  Nevertheless, the record also contains the complete transcript from the next hearing, which the court conducted on November 9, 2021.  At that time, the prosecutor explained that Appellee "had asked for [the new jurist] to reconsider the decision to deny the previous motions" based upon recent case law evaluating the effect of a prior ARD on DUI sentencing.  (**See** N.T. Hearing, 11/9/21, at 3).

The Commonwealth now raises two issues for this Court's review:

> The trial court erred in granting [Appellee's] motion to modify gradation of DUI charges where the court was bound by the ruling of a prior court pursuant to the coordinate jurisdiction rule.
>
> The trial court erred in relying on **Commonwealth v. Richards**, 2021 Pa.Super. Unpub. LEXIS 2731, a non-published case that has been subsequently withdrawn by the majority as of December 16, 2021, pending *en banc* hearing.

(Commonwealth's Brief at 5).

As a prefatory matter, we must evaluate the timeliness of this appeal. A notice of appeal must be filed within thirty (30) days after the entry of the order from which the appeal is taken. Pa.R.A.P. 903(a). Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. **Commonwealth v. Valentine**, 928 A.2d 346 (Pa.Super. 2007). This Court can raise the matter *sua sponte*, as the issue is one of jurisdiction to entertain the appeal. **Id.** This Court has no jurisdiction to entertain an untimely appeal. **Commonwealth v. Patterson**, 940 A.2d 493 (Pa.Super. 2007), *appeal denied*, 599 Pa. 691, 960 A.2d 838 (2008). Generally, an appellate court may not enlarge the time for filing a notice of appeal. Pa.R.A.P. 105(b). Extension of the appeal filing period is permitted only in extraordinary circumstances, such as fraud or some breakdown in the court's operation. **Commonwealth v. Braykovich**, 664 A.2d 133 (Pa.Super. 1995), *appeal denied*, 544 Pa. 622, 675 A.2d 1242 (1996).

When an appellant files a motion for reconsideration of a final order,

they must file a protective notice of appeal to ensure preservation of their appellate rights, in the event the court does not expressly grant reconsideration within the thirty-day appeal period. ***Commonwealth v. Moir***, 766 A.2d 1253, 1254 (Pa.Super. 2000). In other words, the mere filing of a motion for reconsideration does not toll the thirty-day appeal period:

> It is well-settled that, upon the filing of a motion for reconsideration, a trial court's action in granting a rule to show cause and setting a hearing date is insufficient to toll the appeal period. Rather, the trial court must expressly grant reconsideration within thirty days of entry of its order. Failure to expressly grant reconsideration within the time set by the rules for filing an appeal will cause the trial court to lose its power to act on the application for reconsideration.

***Id.*** (internal citations omitted).

Moreover, "we have consistently held that an appeal from an order denying reconsideration is improper and untimely." ***Id.*** In this context, the appeal does not lie from the order denying reconsideration; filing an appeal from that order is insufficient to preserve appellate rights, as "[w]e will not permit [a party] to do indirectly that which [the party] cannot do directly." ***Provident Nat. Bank v. Rooklin***, 378 A.2d 893, 897 (Pa.Super. 1977).[3]

Instantly, the trial court initially decided that the grading of the DUI

---

[3] Generally, the Rules of Appellate Procedure apply to criminal and civil cases alike; the principles enunciated in civil cases construing those rules are equally applicable in criminal cases. ***See Commonwealth v. Levanduski***, 907 A.2d 3, 29 n.8 (Pa.Super. 2006) (*en banc*), *cert. denied*, 552 U.S. 823, 128 S.Ct. 166, 169 L.Ed.2d 33 (2007) (stating rules of appellate procedure apply to criminal and civil cases alike).

charge was proper on April 23, 2021. On October 22, 2021, however, the current jurist vacated the April 2021 order and decided that the grading was improper. The Commonwealth filed a motion for reconsideration on November 5, 2021. The court did not subsequently enter an order expressly granting reconsideration. **See Moir, supra**. Instead, the court simply provided the parties with notices announcing the reconsideration hearing, which were generated through the court's automated scheduling system. Ultimately, the court denied reconsideration on November 30, 2021, and the Commonwealth filed a notice of appeal on December 20, 2021.[4]

We emphasize that under these circumstances, the Commonwealth's current appeal does not lie from the November 30th order denying reconsideration. **See Provident Nat. Bank, supra**. The thirty-day period for filing a notice of appeal commenced on October 22, 2021, when the court granted relief to Appellee. The Commonwealth did not file its notice of appeal until December 20, 2021, which is patently untimely. Moreover, the record contains no evidence of extraordinary circumstances, or a breakdown in the operations of the court, to excuse the Commonwealth's untimely filing. **See**

---

[4] Considering the underlying procedural history, this Court directed the Commonwealth to show cause why the appeal should not be quashed as untimely. (**See** Order, filed 2/23/22, at 1). In response, the Commonwealth indicated that its motion for reconsideration included a draft order that included "express grant" language. (**See** Response, filed 3/3/22, at 2). The trial court, however, did not utilize the draft order because it relied on the automated scheduling system rather than issuing "an order adopting or rejecting the Commonwealth's preferred wording." (**Id.**)

***Braykovich, supra***.   Therefore, the Commonwealth's failure to file the notice of appeal within thirty days of the October 22, 2021 order divested this Court of appellate jurisdiction.[5]    ***See*** Pa.R.A.P.  903; ***Patterson, supra***. Accordingly, we quash this appeal as untimely.[6]

Appeal quashed.

---

[5] Moreover, we observe:

> In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution.

Pa.R.A.P. 311(d).  "Although Rule 311(d) permits an appeal as of right, prior case law has continually placed limits on the scope of this right as it pertains to non-evidentiary issues." ***Commonwealth v. Woodard***, 136 A.3d 1003, 1005 (Pa.Super. 2016), *appeal denied*, 638 Pa. 764, 158 A.3d 1242 (2016). "Thus, the court will not accept blindly the Commonwealth's certification of substantial hardship when appeal is sought for non-evidentiary interlocutory orders." ***Id.*** (internal citation and quotation marks omitted).  Here, the Commonwealth included a Rule 311(d) certification with its notice of appeal. In this case, however, it is unclear how the trial court's ruling regarding the grading of the underlying offense would terminate or substantially handicap the prosecution of the DUI offense.

[6] To the extent that the issues on appeal concern the effect of a prior ARD on DUI sentencing, we note that this Court recently addressed this topic in ***Commonwealth v. Moroz***, 2022 PA Super 169 (filed October 4, 2022) (*en banc*) and ***Commonwealth v. Richards***, 2022 PA Super 170 (filed October 4, 2022) (*en banc*).  The changes in the relevant law set forth in these *en banc* decisions will be applicable to this case as the parties continue in the trial court. ***See Commonwealth v. Gaston***, 239 A.3d 135, 140 (Pa.Super. 2020) (reiterating that litigants are generally entitled to benefit from changes in law that develop before judgments of sentence become final).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/15/2022