Edward C. Hook and Coral Hook, Appellants *v.* Athens Area School District, Charles Utter and Arlene Utter, his Wife, Appellees.

Argued December 6, 1979, before Judges CRUMLISH, JR., MENCER and MacPHAIL, sitting as a panel of three.

*John Kocsis,* of *Dowd and Kocsis,* for appellants.

*Daniel J. Barrett,* of *Beirne and Barrett,* for Athens Area School District, appellee.

*Frank J. Niemiec,* of *Davis, Murphy and Niemiec,* for Charles Utter and Arlene Utter, appellees.

OPINION BY JUDGE MENCER, April 10, 1980:

Edward C. Hook and Coral Hook (Hooks) appeal an order of the Court of Common Pleas of Bradford County sustaining the preliminary objections of the Athens Area School District (District) and dismissing the Hooks' amended complaint in equity. Upon the District's motion, we quash the appeal as untimely.

On March 2, 1978, the Hooks, taxpayers and residents of the District, filed suit to set aside a transfer of District realty to Charles and Arlene Utter,[1] alleging that the District failed to comply with Section 707(3) of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §7-707(3) (sale of unused and unnecessary school property). The transfer, involving approximately 0.2 acre of land, was part of a court-approved settlement of four lawsuits between the Utters and the District. On July 26, 1978, the lower court dismissed the Hooks' complaint for lack of standing and failure to state a cause of action. The Hooks filed a petition to reconsider on August 7, 1978. In response, the lower court issued, on August 14, 1978, a show-cause order why the petition should not be granted. Subsequently and without entering a rule absolute, the lower court reaffirmed its July dismissal by order dated November 27, 1978. The Hooks' appeal then followed.

---

[1] The Utters are also parties to this action and likewise moved to quash the Hooks' appeal as untimely.

Pa. R.A.P. 903 requires that an appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." It is undisputed that the appeal period commenced with the lower court's July order and that the Hooks did not file any appeal until December 26, 1978. Thus, it would appear that their appeal was untimely and must be quashed. *Provident National Bank v. Rooklin*, 250 Pa. Superior Ct. 194, 378 A.2d 893 (1977).

The Hooks argue, however, that, pursuant to Pa. R.A.P. 1701(b)(3), the initial appeal period, triggered by the July dismissal, was stayed by their petition for reconsideration and the lower court's grant of a show-cause order and thus the appeal period ran anew from the date the lower court reaffirmed its dismissal. We disagree.

Pa. R.A.P. 1701(b)(3) provides:

(b) Authority of lower court or agency after appeal. After an appeal is taken or a petition for allowance of appeal is filed in a matter or review of a quasijudicial order is sought, the lower court or other government unit may:

. . . .

(3) Grant reconsideration of the order which is the subject of the appeal or petition, if:

(i) an application for reconsideration of the order is filed in the lower court or other government unit within the time provided or prescribed by law; and

(ii) an *order expressly granting reconsideration* of such prior order is filed in the lower court or other government unit within the time prescribed by these rules for the filing of a notice of appeal, petition for allowance of appeal or petition for review of a quasijudicial order with respect to such prior order, or within

any shorter time provided or prescribed by law for the granting of reconsideration.

A timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal or petition for allowance of appeal or petition for review of a quasijudicial order theretofore or thereafter filed or docketed with respect to the prior order, and the clerk of any court in which such an inoperative notice or petition is filed or docketed shall upon praecipe of any party note on the docket that such notice or petition has been stricken under this rule. Where a timely order of reconsideration is entered under this paragraph, the time for filing a notice of appeal or petition for allowance of appeal or petition for review begins to run anew after the entry of the decision on reconsideration, whether or not that decision amounts to a reaffirmation of the prior determination of the lower court or other government unit. (Emphasis added.)

The Hooks clearly met the first requirement of Rule 1701(b)(3) by filing a timely petition for reconsideration. *See* Pa. R.C.P. No. 1522. With regard to the second requirement, however, it is well settled that a show-cause order does not grant or deny the relief sought but merely affords the nonmoving party an opportunity to be heard on the issue. *Commonwealth v. Onda,* 376 Pa. 405, 103 A.2d 90 (1954); *Silver v. Lyon,* 61 Dauph. 225 (Pa. C.P. 1950); *see* 2 *Standard Pennsylvania Practice* 469 (1956). Only when the court has entered a rule absolute has it made a decision with respect to the petition or motion. *Silver v. Lyon, supra.* Therefore, the lower court's show-cause order did not grant the Hooks' petition for reconsideration, as required by Pa. R.A.P. 1701(b)(3), but merely afforded the District an opportunity to contest the motion.

This view comports with the recently amended official comment to Pa. R.A.P. 1701 which states that an order under Pa. R.A.P. 2545 requesting an answer to an application for reargument, which is analogous to a show-cause order, is insufficient to constitute an order "expressly granting reconsideration." As a result, the Hooks have not complied with Rule 1701(b)(3) and their appeal must be quashed as untimely.[2] *Provident National Bank, supra.*

Appeal quashed.

### ORDER

AND Now, this 10th day of April, 1980, the above captioned appeal of Edward C. Hook and Coral Hook is quashed as untimely filed.

President Judge BOWMAN and Judge DiSALLE did not participate in the decision in this case.

---

[2] The Hooks' reliance on *Doctors Osteopathic Hospital v. Pennsylvania Labor Relations Board,* 473 Pa. 407, 374 A.2d 1277 (1977), for a contrary holding is misplaced since that case arose prior to passage of Pa. R.A.P. 1701 in 1976.