In Re: Appeal of George D. Sgro and G. Arlene Sgro, Etc. Armstrong County Board of Assessment Appeals, Appellant.

In Re: Appeal of Kittanning Professional Building, Inc., A Corporation, Etc. Armstrong County Board of Assessment Appeals, Appellant.

In Re: Appeal of James D. McClister and H. H. Heilman, Jr., Etc. Armstrong County Board of Assessment Appeals, Appellant.

In Re: Appeal of Frank H. McNutt, Jr. and H. H. Heilman, Jr., Etc. Armstrong County Board of Assessment Appeals, Appellant.

In Re: Appeal of Edward D. Bierer and Esther Bierer, Etc. Armstrong County Board of Assessment Appeals, Appellant.

In Re: Appeal of Mary McNutt From Order of Armstrong County Board of Assessment Appeals, Etc. Armstrong County Board of Assessment Appeals, Appellant.

In Re: Appeal of T. Pearl Campbell From Order of Armstrong County Board of Assessment Appeals, Etc. Armstrong County Board of Assessment Appeals, Appellant.

In Re: Appeal of W. R. Davis From Order of Armstrong County Board of Assessment Appeals, Etc. Armstrong County Board of Assessment Appeals, Appellant.

In Re: Appeal of W. R. Davis From Order of Armstrong County Board of Assessment Appeals, Etc. Armstrong County Board of Assessment Appeals, Appellant.

In Re: Appeal of Robert G. Nolte From Order of Armstrong County Board of Assessment Appeals, Etc. Armstrong County Board of Assessment Appeals, Appellant.

In Re: Appeal of Ralph C. John, Frederick L. John, II and Joseph E. Breman, Etc. Armstrong County Board of Assessment Appeals, Appellant.

Argued May 5, 1982, before Judges ROGERS, CRAIG and DOYLE, sitting as a panel of three.

306

*Edward J. Steiner, Steiner and Steiner,* for appellant.

B. *Albert Bertocchi*, *McCue*, *Bertocchi and Heim*, for appellees, George D. Sgro and G. Arlene Sgro, his wife.

*H. H. Heilman, Jr., Heilman and McClister*, with him *Robert E. Pryde, Peter Calarie, Calarie & Calarie, James G. Callas, Callas and Graff*, and *Ralph C. John*, for appellees.

OPINION BY JUDGE CRAIG, July 6, 1982:

The Armstrong County Board of Assessment (board) has appealed orders of the Court of Common Pleas of Armstrong County sustaining taxpayers' appeals in eleven cases consolidated here. The taxpayers have filed motions to quash the board's appeals to this court.

The common pleas court held a consolidated hearing de novo on the taxpayers' appeals from the board's orders raising taxpayers' real estate assessments. After hearing, the chronology of events, all in 1981, was as follows:

On February 24, the common pleas judge issued a memorandum opinion and orders sustaining taxpayers' appeals and directing the board to reinstate taxpayers' original assessments.

On March 5, no exceptions having been filed, the common pleas court issued final orders.

On March 9, the orders of March 5 were entered on the docket.

On April 2, the board filed a petition for rehearing and reconsideration.

On April 2, the common pleas court issued an order setting a date for argument on the board's petition and stayed all proceedings.

On September 18, the taxpayers filed a motion to strike the board's petition.

On September 22, the common pleas court denied the board's petition for rehearing and reconsideration.

On October 19, the board filed exceptions to the order entered March 5 and the orders dated September 22.

On October 21, the board moved the common pleas court to order the prothonotary to enter final judgment on the September 22 order and to make that judgment retroactively effective as of September 22. The common pleas judge determined that the order of September 22 was the final order, ordered the prothonotary to enter final judgment thereon as of September 22 and dismissed the board's exceptions. The board filed its notices of appeal to this court on October 21.

We must decide whether the board's appeals should be quashed as untimely filed, that is, filed more than thirty days after the entry of the final, appealable orders. Pa. R.A.P. 903(a).[1] An untimely appeal must be quashed. *West Penn Power Co. v. Goddard,* 460 Pa. 551, 333 A.2d 909 (1975).

The court orders entered March 9, deciding the merits, were unquestionably final orders. The taxpayers seem to argue that appeals would not be cognizable, even if taken from those orders, because the board filed no exceptions to those orders under Pa. R.C.P. No. 1038(d), but the taxpayers have given us

---

[1] Pa. R.A.P. 903(a) provides:

[T]he notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken.

Rule 903(a) is based upon Judicial Code, 42 Pa. C. S. §5571.

no indication as to why that rule should be applied here; Pa. R.C.P. No. 1038(d) is part of the assumpsit rules and relates to statutory appeals only when applied by statute or local rule of court. *See C.B. Co. v. Rostraver Township Zoning Hearing Board,* 49 Pa. Commonwealth Ct. 204, 410 A.2d 1298 (1980).

Hence the March 9 orders were the appealable orders, and the appeals of October 21 were too late unless the judicial actions in the common pleas court tolled or renewed the appeal period.

The key question here is: Where the trial court grants a stay of proceedings after the entry of its final order, is the appeal time suspended until, or is it restarted when, a petition for reconsideration is finally denied?

We conclude first that the appeal period was neither tolled nor started anew by the filing of the petitions for reconsideration, *Silver, Lavity & Atkinson v. Scaltrito,* 239 Pa. Superior Ct. 253, 361 A.2d 705 (1976), nor was it restarted when they were denied. *Merrick Estate,* 432 Pa. 450, 454, 247 A.2d 786, 787-8 (1968).

Although Pa. R.A.P. 1701(b) "only becomes operative . . . 'after an appeal is taken,' " *Provident National Bank v. Rooklin,* 250 Pa. Superior Ct. 194, 201, 378 A.2d 893, 896 (1977), both the Superior Court, in *Scoumiou v. United States Steel Corp.,* 293 Pa. Superior Ct. 254, 438 A.2d 981 (1981) and this court in *Hook v. Athens Area School District,* 50 Pa. Commonwealth Ct. 420, 413 A.2d 1151 (1980), have nevertheless looked to Pa. R.A.P. 1701(b) as confirmation that, only if reconsideration is actually granted, will the appeal period restart when the reconsideration request is decided. Here there was never any order granting reconsideration; even a show-cause order issued as to a reconsideration petition does not constitute a grant of reconsideration, *Hook.*

Although some decisions have indicated that a stay of proceedings, considered apart from a grant of reconsideration, will toll or suspend the running of the appeal period, *Provident National Bank v. Rooklin*, 250 Pa. Superior Ct. 194, 201, 378 A.2d 893, 896 (1977), *Chester School District v. Richardson & Luce, Inc.*, 320 Pa. 438, 184 A. 127 (1936), *Commonwealth v. Samolsky*, 202 Pa. Superior Ct. 406, 195 A.2d 818 (1963), we note that, with the stay order of April 2 suspending the appeal period when twenty-four days had passed (following March 9), the remainder of the period would have begun to run September 22 upon the denial of reconsideration, so that more than the six remaining days expired before the appeals were filed on October 21.

The board's exceptions of October 19 could not operate to extend the appeal time further, *Scoumiou*, nor could the lower court, by its order of October 21, effectively declare that the September 22 order should be considered the final judgment; *Merrick* forbids such a result. The appeals must be quashed.

ORDER

Now, July 6, 1982, the above-captioned appeals of the Armstrong County Board of Assessment Appeals are hereby quashed as untimely filed.