533 A.2d 1091

Legrassha Murkey and David Murkey, Appellants *v.* Donald Corbin, Sidney Kolitz and City of Philadelphia, Appellees.

Argued September 14, 1987, before Judges MAC-PHAIL and PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

*Norman A. Oshtry,* with him, *Joel E. Oshtry,* for appellants.

*Miriam B. Brenaman,* Assistant City Solicitor, with her, *Handsel B. Minyard,* City Solicitor, *Norma S. Weaver,* Deputy in Charge of Claims, *Barbara R. Axelrod,* Divisional Deputy in Charge of Appeals, for appellee.

OPINION BY JUDGE MACPHAIL, November 23, 1987:

Appellants have appealed to this Court from the denial of a petition for reconsideration entered by the Court of Common Pleas of Philadelphia County. For the reason which follows, we must quash the appeal.

Appellants filed a complaint in trespass on July 8, 1980 against Donald Corbin, Sidney Kolitz and the City of Philadelphia, Department of Licenses and Inspection (City). The gravamen of the complaint is that Appellants were tenants of premises owned by Corbin. It is alleged that Corbin failed to furnish a continuous supply of ade-

260

quate heat to the premises as a result of which, Appellants aver, they sustained serious physical injuries for which they now seek money damages.[1]

Appellants' complaint also alleged that they had complained to City and that the City, in disregard of its duty to Appellants, failed to remedy the heat problem after promising to do so.

Following discovery proceedings, City filed a motion for summary judgment which Appellants answered. After briefs were filed, the trial court on July 24, 1984, entered an order granting judgment to the City against the Appellants. No appeal was taken from that order; instead, on August 1, 1984, Appellants filed a petition for reconsideration which the trial court ultimately denied on September 5, 1985.[2] A timely appeal from *that* order[3] was taken by Appellants to the Superior Court of Pennsylvania which then transferred the matter to this Court pursuant to the provisions of Pa. R.A.P. 752.

Our appellate courts consistently have held that the refusal of a trial court to reconsider, rehear or permit reargument of a final decree is not reviewable on appeal. *Merrick Estate*, 432 Pa. 450, 247 A.2d 786 (1968), *McCready v. Gans*, 242 Pa. 364, 89 A. 459 (1913) and *Boden v. Tompkins*, 306 Pa. Superior Ct. 494, 452 A.2d 833 (1982). In the case now before us, the trial court's order of July 24, 1984 granting summary judgment against the Appellants was a final, appealable order in-

---

[1] Kolitz was sued on the ground that he was Corbin's agent responsible for the premises occupied by Appellants.

[2] Although the trial court's initial order granting a rule upon the City to show cause why Appellants' petition for reconsideration should not be granted, also stated that reconsideration was granted, we think the sole purpose of that part of the order was to place the matter in a procedural posture where the trial court could act.

[3] Appellants' brief clearly states that the order appealed from is the order of September 5, 1985.

asmuch as it put the Appellants "out of court" with respect to their claim against the City. *See* 1 Darlington, McKeon, Schuckers and Brown, *Pennsylvania Appellate Practice* §341 (1986). Appellants, having failed to take a timely appeal from the order of July 24, 1984, have thereby foreclosed this Court's opportunity to review the merits of their appeal. Inasmuch as we are without jurisdiction to entertain the instant appeal, we have no recourse but to quash it.

### ORDER

The appeal of Legrassha Murkey and David Murkey from the order of the Court of Common Pleas of Philadelphia filed September 5, 1985, is quashed.

### ORDER

Now, February 5, 1988, upon consideration of appellants' application for reargument and appellee City of Philadelphia's response, we hereby grant reconsideration of our opinion and Order filed previously in this matter.

---

PER CURIAM SUPPLEMENTAL OPINION, April 7, 1988:

Appellants' application for reconsideration of the opinion and order of this Court filed November 23, 1987, was granted. We now confirm the order of this Court quashing Appellants' appeal.

Appellants contend that inasmuch as the trial court granted reconsideration of its order of July 24, 1984, which order granted City's motion for summary judgment, its appeal to this Court was timely.

Pa. R.A.P. 1701(b)(3) provides that a trial court may grant reconsideration of an order under certain circumstances, *if* an appeal has been filed. Here, as our previous opinion noted, no appeal was taken from the order granting judgment to the City. That Rule, there-

fore, does not have the effect of extending the commencement of the 30-day appeal period to the entry of the order denying reconsideration.

We now look at the trial court's order which, Appellants argue, granted reconsideration of the order of July 24, 1984 and thus extended the commencement of the 30-day appeal period.[1] The order in question reads as follows:

> AND NOW, this 1st day of August, 1984, upon consideration of the foregoing Petition for Reconsideration and on motion of Joel E. Oshtry, Esquire, attorney for Petitioners, a Rule is granted, granting reconsideration of the Order of July 24, 1984 and requiring defendant to show cause why the Petitioners' Petition should not have been granted.
>
> RULE RETURNABLE on the 28th day of August, 1984, in Courtroom 336 at 9:00 A.M.
> All proceedings to stay meanwhile.

In *In Re: Appeal of Sgro,* 67 Pa. Commonwealth Ct. 304, 447 A.2d 325 (1982), we observed that although Rule 1701 becomes operative only after an appeal has been taken, we have looked to that Rule, "as confirmation that, only if reconsideration is actually granted, will the appeal period restart when the reconsideration request is decided." *Id.* at 309, 447 A.2d at 327. In *Hook v. Athens Area School Dist.,* 50 Pa. Commonwealth Ct. 420, 413 A.2d 1151 (1980), we held that a show-cause order was insufficient to constitute a grant of reconsideration. There we said, "[i]t is well settled that a show-cause order does not grant or deny the relief sought but merely affords the nonmoving party an op-

---

[1] We note that Section 5505 of the Judicial Code, 42 Pa. C. S. §5505, authorizes a trial court to modify or rescind any prior order within 30 days of its entry.

portunity to be heard on the issue." *Id.* at 423, 413 A.2d at 1153 (citations omitted). It is also clear that a stay order will not extend the appeal period. *See Commonwealth v. Gordon,* 329 Pa. Superior Ct. 42, 477 A.2d 1342 (1984), and comment to Pa. R.A.P. 1701.

In short, nothing less than an unconditional order which expressly grants reconsideration entered within 30 days of the initial appealable order, will be sufficient to effectuate a new 30-day appeal period commencing with the date a final order on the merits is entered. *See* 1 Darlington, McKeon, Schuckers and Brown, *Pennsylvania Appellate Practice* §1701:19.

Applying those legal principles to the order of August 1, 1984 quoted above, we must conclude, as we did initially, that that order does not expressly and unconditionally grant reconsideration, nor does it have the effect of giving Appellants additional time in which to file their appeal to this Court. As the comment to Rule 1701 clearly advises, the most certain way for a party to avoid the consequences of an untimely appeal is to file the application for reconsideration *and* a notice of appeal within 30 days of the date of the initial appealable order. Then, irrespective of what the trial court does, the appeal rights are timely preserved.

PER CURIAM ORDER

The order of this Court entered November 23, 1987 is confirmed.