# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia : 
 : 
 v. : No. 502 C.D. 2021
 : Submitted: July 22, 2022
JETLC Holdings LLC, : 
 Appellant : 


BEFORE:    **HONORABLE RENÉE COHN JUBELIRER,** President Judge
           **HONORABLE ANNE E. COVEY,** Judge
           **HONORABLE LORI A. DUMAS,** Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**     **FILED: September 22, 2023**


Appellant JETLC Holdings LLC (JETLC) appeals from the Order dated April 16, 2021, by the Court of Common Pleas of Philadelphia County (trial court), denying JETLC's second motion to strike the judgment entered against JETLC on January 10, 2020 (Judgment). Following our review, we quash this appeal.

## I. FACTUAL AND PROCEDURAL HISTORY

JETLC owns property located at 2900 Frankford Avenue (the Property) in the City of Philadelphia (City). In June and October 2016, City's Department of Licenses and Inspections (Department) issued multiple Notices of Violation against JETLC for 19 violations of Title 4 of the Philadelphia Code of General Ordinances (Code).[1] The violations pertained to JETLC's failure to obtain necessary building,

---

[1] Phila., PA., The Phila. Code §§ 1-101–22-1409 (2020).

electrical, plumbing, and registration permits for modifications being made to the Property. (Notices of Violation and Order, 6/6/16-10/25/16, Reproduced Record (R.R.) at 26-32.[2]) In December 2016, the Department withdrew the previously issued violations and reissued them on December 21, 2016. (Notice of Violation and Order, 12/21/16, R.R. at 34-37.) On January 27, 2017, the Department reinspected the Property and, upon determining that the violations remained, issued a Final Warning on January 31, 2017. (Final Warning, 1/31/17, R.R. at 39-41.) JETLC did not appeal the Notices of Violation or the Final Warning.

On July 27, 2017, City filed a Complaint in a Civil Action in Equity (Complaint) against JETLC alleging that the Department had observed, upon reinspection on January 31, 2017, that JETLC failed to remedy some of the previously noted Code violations, which presented safety and health risks to emergency personnel and the general public. (Complaint ¶¶ 3-7, R.R. at 21-22.) City requested that the trial court grant an injunction and order JETLC to vacate the premises, abate the violations, and pay statutory fines, costs, and fees for its noncompliance. (Complaint, Wherefore Clause, R.R. at 22-23.)

In its "Order to Comply Violations" dated January 30, 2018, the trial court noted the parties had entered into an agreement on December 21, 2017,[3] that operations at the Property would cease and prior to the next hearing JETLC would, *inter alia*, "make every effort possible to [b]ring the violations [] into compliance[] by acquiring zoning/use permit (or otherwise legalizing zoning/use), building

---

[2] The pagination of JETLC's Reproduced Record does not comport with Pennsylvania Rule of Appellate Procedure 2173, Pa.R.A.P. 2173 (requiring that the pagination of reproduced records be in the form of an Arabic number followed by a small "a"). For ease, the Court will utilize the method used by JETLC.

[3] Prior thereto, a consent order had been entered in November 2017, December 2017, and May 2018. (R.R. at 46-47, 70, and 78-80.)

2

permit, electrical permit, and plumbing permit." (January 30, 2018 Order ¶¶ 3-4, R.R. at 71-72.) A hearing was scheduled for March 29, 2018, and the trial court issued an order on that date again mandating that JETLC bring the Property into compliance with the Code. (March 29, 2018 Order ¶ 3, R.R. at 73-74.) Additional hearings and orders followed in May and July 2018. (R.R. at 78-83.) In its Order dated October 25, 2018, the trial court continued the matter to December 20, 2018, and indicated that "[t]he parties have agreed to enter into a Settlement Agreement which will be submitted to the [c]ourt and filed with the Prothonotary after which the matter shall be discontinued and ended." (October 25, 2018 Order, R.R. at 87.)

By order entered on December 20, 2018, the trial court accepted the terms of the parties' stipulation pursuant to which JETLC agreed, *inter alia*, to bring the property into compliance with the Code within 90 days from the date of the Order. (December 20, 2018 Order ¶ 3, Wherefore Clause ¶ 1, R.R. at 88-89.) In addition, JETLC would pay an "absolute fine" of $30,000.00 to City within 60 days of the December 20, 2018 Order, and a fine in an amount of $500.00 per day would be imposed beginning on April 15, 2019, until such time as JETLC corrected the violations. (December 20, 2018 Order, Wherefore Clause ¶¶ 3-4, R.R. at 89.) The fines were to "be entered as judgments against [JETLC] and shall be entered by the Prothonotary upon praecipe of the City []." (December 20, 2018 Order, Wherefore Clause ¶ 6, R.R. at 90.) The December 20, 2018 Order indicated that "THIS IS A FINAL ORDER," and the matter was to "remain open on the docket until [the] filing of a praecipe to discontinue by [] City." (December 20, 2018 Order, Wherefore Clause ¶ 10, R.R. at 91.) JETLC filed neither a motion for reconsideration nor an appeal from the December 20, 2018 Order. Upon praecipe by the City, Judgment was entered on January 10, 2020. (R.R. at 92.)

3

On August 21, 2020, JETLC filed its "Petition to Strike Praecipe Judgment Based Upon Facial Defect, Or, In the Alternative, Petition to Open Praecipe Judgment" (First Motion to Strike). Therein, JETLC admitted that the First Motion to Strike had been "filed several months after the 30-day window." (First Motion to Strike ¶ 31, R.R. at 105.) JETLC stated that it had made good faith efforts to bring the Property into compliance with the Code, although those efforts were hampered by traveling, personal matters, and the COVID-19 pandemic. (First Motion to Strike ¶¶ 6-7, 11-17, 31-36, 44, R.R. at 101-02, 105-07.) JETLC also alleged the fines imposed were excessive. (First Motion to Strike ¶¶ 18, 37-42, 45, R.R. at 102, 105-07.) The trial court denied the First Motion to Strike on November 25, 2020, and JETLC did not appeal.

JETLC filed the "Motion to Strike Praecipe Judgment Based upon the City's Ongoing Violations of the 8th Amendment to the United States Constitution under *Timbs v. Indiana*[4]" (Second Motion to Strike) on March 19, 2021. Therein, JETLC set forth essentially the same allegations as it had in its First Motion to Strike. In addition, JETLC argued that since City had not filed a praecipe to discontinue, and the Department had not verified that the Code violations had been remedied, "this matter remains open and before the [c]ourt as a matter of law and the subject Order and [] Judgment are interlocutory in nature." (Second Motion to Strike ¶ 14, R.R. at 210.) JETLC further alleged notwithstanding that "the underlying subject matter is interlocutory in nature," the trial court could view the Second Motion to Strike "as a request for reconsideration on the discrete *Timbs* . . . claim since[] interlocutory orders may be reconsidered at any[]time during the pendency of the proceeding."

---

[4] *Timbs v. Indiana*, 139 S.Ct. 682, 687 (2019) (holding "[t]he Excessive Fines Clause is [ ] incorporated by the Due Process Clause of the Fourteenth Amendment," such that it applies to the States).

4

(Second Motion to Strike ¶ 17, R.R. at 17.) The trial court denied the Second Motion to Strike in its order entered on April 19, 2021, and JETLC timely appealed. JETLC filed its concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), Pa.R.A.P. 1925(b), on May 27, 2021, and the trial court filed its Opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a) on July 2, 2021, wherein it found no merit to JETLC's claims.[5]

## II.   ISSUES ON APPEAL AND PARTIES' ARGUMENTS

JETLC does not contest the existence of the Code violations or City's right to impose fines for violations. (JETLC's Brief (Br.) at 4.) Rather, JETLC first argues that the trial court erred as a matter of law in failing to find the methodology used to determine the fines imposed against it, and the subsequent Judgment entered on January 10, 2020, are illegal as violating the Eighth Amendment's prohibition of excessive fines[6] under the factors set forth in the United States Supreme Court's decision in *Timbs*. (JETLC's Br. at 6, 8-9.) JETLC acknowledges that the Judgment set a fine in an amount of $165,000.00 in accordance with the procedure set forth in the December 20, 2018 Order. (*Id*. at 4.) However, JETLC reasons that the United States Supreme Court's subsequent decision in *Timbs* "developed" a non-waivable

---

[5] To the extent JETLC raised seven issues in its concise statement of errors complained of on appeal, but only develops two of those issues in a meaningful way in its brief, it appears to have abandoned the remaining five issues, and we will deem them waived. *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.").

[6] The Eighth Amendment to the United States Constitution states: "Excessive bail shall not be required, nor excessive fines imposed . . . ." U.S. Const. amend. VIII. The Pennsylvania Constitution similarly provides: "Excessive bail shall not be required, nor excessive fines imposed . . . ." Pa. Const. art. I, § 13. A fine is excessive "if it is grossly disproportional to the gravity of [a defendant's] offense." *United States v. Bajakajian*, 524 U.S. 321, 337 (1998).

"fundamental right" and enumerated factors, which must be analyzed to determine if a fine is excessive in violation of the Eighth Amendment. (JETLC's Br. at 4, 6, 16.) JETLC describes the "good faith" efforts it took throughout 2018 and 2019 to bring the Property into compliance which, in its view, should be balanced against its admitted culpability for the initial Code violations. (*Id*. at 10-13.)

JETLC also avers that the trial court erred in holding it lacked jurisdiction to consider its Second Motion to Strike. According to JETLC, the Second Motion to Strike constitutes a motion for reconsideration of the trial court's November 25, 2020 Order denying JETLC's First Motion to Strike because the order upon which the Judgment is based is illegal for the reasons stated above. (JETLC's Br. at 3, 6.) Relying primarily on cases pertaining to the legality of one's criminal sentence of incarceration, JETLC posits this Court never lacks jurisdiction to strike an illegal order of a lower court because "[a]n illegal order of judgment is never final." (*Id*. at 7, 15-17 (citing *Commonwealth v. Reid*, 235 A.3d 1124 (Pa. 2020)).[7]) JETLC concludes that, for this reason, the "illegal" December 20, 2018 Order and the Judgment that followed "could be reconsidered any[]time during the pendency of the proceeding." (JETLC's Br. at 17.)

City initially posits JETLC's Second Motion to Strike sets forth essentially the same arguments as were presented in the First Motion to Strike, which the trial court denied; therefore, it is barred by the doctrine of res judicata and/or the law of the case doctrine. (City's Br. at 8, 10-14.) City also avers the Second Motion to

---

[7] In *Reid*, our Supreme Court quashed the defendant's appeal after concluding that *Williams v. Pennsylvania*, 579 U.S. 1 (2016), did not provide an exception to the timeliness requirements of the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, and, thus, the PCRA court lacked jurisdiction to reinstate his appellate rights *nunc pro tunc*. However, the Supreme Court did note that it had previously recognized "[a]n order which is illegal in its inception does not gain legality or validity because it is not appealed from." *Reid*, 235 A.3d at 1143 n.10 (citation omitted).

Strike did not allege the type of "fatal defect," "obvious and patent error," or "illegality" that would have justified the trial court's modification of the Judgment entered over a year prior, well beyond the 30-day period in which JETLC had to appeal the Judgment under 42 Pa.C.S. § 5505.[8] (City's Br. at 8, 14-19.) According to City, even if this Court ignores the fact that JETLC consented to the terms of the December 20, 2018 Order and never appealed the Judgment or the trial court's denial of the First Motion to Strike, its claim that the fines are excessive is waived for its failure to timely raise the issue below. (*Id.* at 9, 20-21.) Also, City states that JETLC's arguments pertaining to the effect of the COVID-19 pandemic, the Property's market value, and its efforts to cure the violations occurred after the entry of Judgment, and the trial court may only consider the record at the time Judgment was entered when deciding a motion to strike. (*Id.* at 20.) City further argues that even if the Second Motion to Strike were to be considered a motion for reconsideration, JETLC is not entitled to relief because it was still untimely and an order denying reconsideration is not an appealable order; thus, JETLC's appeal should be quashed. (*Id.* at 21.)

## III. DISCUSSION

Our review of this appeal is limited to examining whether the trial court abused its discretion or committed an error of law. *Lower Southampton Township v. Dixon*, 756 A.2d 147, 150 n.7 (Pa. Cmwlth. 2000). "Whether a fine is excessive under our Constitution is a question of law[;] therefore our standard of review is *de*

---

[8] Entitled "Modification of orders," this statute provides that "[e]xcept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S. § 5505.

*novo* and our scope of review is plenary." *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1279 (Pa. 2014).

Herein, the trial court determined that its nonjury decision memorialized in the December 20, 2018 Order was clearly designated as a final order and that the parties stipulated to the terms of the December 20, 2018 Order. According to the trial court, those terms included a "grace period," until April 15, 2019, within which JETLC was to correct the Code violations and arrange to have the Property reinspected, although JETLC failed to do so. (Op. at 5-6, 9, 17.) While the matter remained open pending JETLC's payment of the $30,000.00 "absolute fine" and the daily fines in the amount of $500.00, by the time of Judgment, the trial court reasoned that JETLC, admittedly, had not corrected the violations. (Op. at 9.) In addition, the trial court noted that JETLC did not file a timely appeal following the December 20, 2018 Order. (Op. at 17.)

Following our review, we agree with the trial court that the December 20, 2018 Order, to which the parties stipulated and labeled a "FINAL ORDER," was, indeed, a final order from which JETLC did not file post-trial motions or an appeal.[9]

---

[9] Notwithstanding, JETLC's ability to appeal from the consent order in the first instance is questionable. "Ordinarily, a party who consents to, or acquiesces in, a judgment or order cannot appeal therefrom." *Brown v. Dep't of Health*, 434 A.2d 1179, 1181 (Pa. 1981) (citations omitted). In *Laird v. Clearfield & Mahoning Railway Company*, 916 A.2d 1091, 1094 (Pa. 2007), the Pennsylvania Supreme Court found that an appeal from a consent order would not be precluded where the trial court's order had been entered in lieu of trial pursuant to a stipulated agreement which contemplated and preserved appellate review, and where the issue being appealed had not been disposed of in the stipulated order.

In its October 25, 2018 order, the trial court indicated that "[t]he parties have agreed to enter into a Settlement Agreement which will be submitted to the [c]ourt and filed with the Prothonotary after which the matter shall be discontinued and ended." (R.R. at 87.) The parties appeared before the trial court on December 20, 2018, for the scheduled hearing, at which time the parties stipulated to specific conditions for resolving the Property's Code violations, and the trial court memorialized the terms of the parties' stipulation in the December 20, 2018 Order. The **(Footnote continued on next page…)**

8

Nor did JETLC timely appeal the subsequent praecipe judgment. Therefore, the trial court correctly held that, pursuant to 42 Pa. C.S. § 5505, it had only 30 days from the date of the December 20, 2018 Order in which to amend it. However, the Second Motion to Strike was filed well outside that timeframe.[10]

December 20, 2018 Order, labeled as a "FINAL ORDER," provided that its terms "shall be binding on [JETLC], its agents, lessees, heirs, assigns, successors in interest, and all persons acting in or for its behalf or occupying the subject premises." (December 20, 2018 Order ¶¶ 8, 10.) By its terms the Order does not appear to contemplate or preserve appellate review. Furthermore, the issues JETLC presents on appeal with regard to the amount of fines it was directed to pay under the terms of the December 20, 2018 Order pertain to the specific terms disposed of therein. Therefore, under *Laird*, JETLC is arguably bound by the provisions of the December 20, 2018 Order, such that its appeal of the denial of the Second Motion to Strike should be quashed.

[10] JETLC argues the 30-day timeframe is not applicable here as the Judgment is illegal because it is an excessive fine in violation of the Eighth Amendment and thus is not waivable. However, the Eighth Amendment's prohibition against excessive fines discussed in *Timbs* and made applicable to the states was not a novel law in Pennsylvania. *See Commonwealth v. 1997 Chevrolet & Contents Seized from Young*, 160 A.3d 153, 162 n.7 (Pa. 2017) (stating "[t]he Eighth Amendment, and, specifically, the Excessive Fines Clause, is made applicable to the states through the Fourteenth Amendment to the United States Constitution. *Cooper [Indus.], Inc. v. Leatherman Tool [Grp.], Inc.*, 532 U.S. 424, 433-34 . . . (2001)."). In addition, a court reviewing a motion to strike may look only to the record at the time of the entry of judgment to determine if the judgment is supported by the record and will grant the petition only where a fatal defect appears on the face of the record. *Cintas Corp. v. Lee's Cleaning Servs., Inc.*, 700 A.2d 915, 918-19 (Pa. 1997). Rather than timely challenge the amount or constitutionality of the fines imposed in the December 20, 2018 Order, JETLC **agreed** to the amounts of the fines and the timeframe within which they would accrue at the time Judgment was entered. Also, with regard to JETLC's allegation that constitutional claims are not waivable, this Court recently held:

> [P]arties may waive even constitutional challenges by failing to assert them timely and properly. *In re J.M.Y.*, 218 A.3d 404, 417 (Pa. 2019) (explaining that "[e]ven constitutional challenges must be brought in a manner specified by law, and in a timely fashion, or else they are waived") (citing *Commonwealth v. Knox*, 190 A.3d 1146, 1152 n.5 (Pa. 2018) (observing that "[c]onstitutional claims are subject to waiver regardless of their importance")); *Haaf v. Zoning Hearing Bd.*, 625 A.2d 1292, 1296 (Pa. Cmwlth. 1993) (concluding that zoning applicant waived its right to pursue a challenge to the constitutional validity of a zoning ordinance when it entered into a compromise agreement with the zoning hearing board). Such a waiver precludes the party from asserting a collateral attack. *See Mitchell v. United*

**(Footnote continued on next page…)**

Similar to the appellant in *City of Philadelphia v. Hummel* (Pa. Cmwlth., No. 2178 C.D. 2013, filed November 18, 2014), JETLC sought relief from the trial court by seeking to open judgment a second time. In *Hummel*, we treated the second petition to open as a request for reconsideration, which is what JETLC requests we do herein. Here, treating the Second Motion to Strike as a motion for reconsideration does not advance JETLC's position. First, as stated in *Hummel*, "[t]he mere filing of a motion for reconsideration does not toll the time for taking an appeal from the order at issue *unless* the trial court expressly grants reconsideration within that time period, a circumstance which did not occur in this case." *Hummel*, slip op. at 6 (citing Pa.R.A.P. 1701(b)(3)). Second, a trial court's denial of a motion for reconsideration is not an appealable order. *Id.*; *In re Merrick's Est.*, 247 A.2d 786, 787 (Pa. 1968); *Murkey v. Corbin*, 533 A.2d 1091 (Pa. Cmwlth. 1987).

## IV. CONCLUSION

In summary, the December 20, 2018 Order, to which JETLC stipulated to entry, is a final order from which the trial court only had 30 days to modify. JETLC's Second Motion to Strike was filed outside that timeframe and when considered a motion for reconsideration, as JETLC posits, the trial court's April 16, 2021 Order

---

*Elevator Co.*, 434 A.2d 1243, 1247 (Pa. Super. 1981) (explaining that where a litigant fails to raise an issue on direct appeal, the doctrine of waiver precludes a collateral attack, even regarding errors of constitutional dimension) (quotation marks and additional citations omitted). Here, it is undisputed that Kansky made no attempt to appeal or otherwise assert a prompt challenge to the validity of the [c]onsent [o]rder. Accordingly, he waived any such challenge and may not raise it now through a collateral attack.

*Kansky v. State Bd. of Podiatry* (Pa. Cmwlth., No. 743 C.D. 2022, filed July 21, 2023), slip op. at 10. For the foregoing reasons, we find JETLC has failed to preserve this constitutional claim for our review.

10

denying it is an unreviewable order under our precedent. Accordingly, we quash JETLC's appeal.

_____
**RENÉE COHN JUBELIRER,** President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia            :
                               :
               v.                   :     No. 502 C.D. 2021
                               :
JETLC Holdings LLC,        :
                 Appellant    :

## O R D E R

**NOW**, September 22, 2023, the appeal of JETLC Holdings LLC, in the above-captioned matter, is **QUASHED**.

 

_____
**RENÉE COHN JUBELIRER,** President Judge