# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania State Police, Bureau of : \
Liquor Control Enforcement :

No. 1322 C.D. 2024

v.

Submitted: April 13, 2026

C & M Entertainment, LLC t/a \
The Port Bar & Grill, \
                Appellant

BEFORE:    HONORABLE ANNE E. COVEY, Judge \
                     HONORABLE LORI A. DUMAS, Judge \
                     HONORABLE STELLA M. TSAI, Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY** \
**JUDGE DUMAS**                                      **FILED:  May 19, 2026**

        C&M Entertainment, LLC t/a The Port Bar & Grill (Appellant) purports to appeal from an order entered by the Court of Common Pleas of Schuylkill County (trial court) on August 29, 2024, which denied Appellant's motion to present evidence mitigating the penalties imposed by the trial court (mitigation motion). Previously, however, the trial court had issued an order dismissing Appellant's statutory appeal of these penalties on July 15, 2024. Additionally, Pennsylvania State Police, Bureau of Liquor Control Enforcement (BLCE) has filed an application to quash this appeal as untimely. After careful review, we grant BLCE's application and quash the appeal.

# I. BACKGROUND[1]

Appellant holds a liquor license and operates a local restaurant. During the COVID-19 pandemic, BLCE officers investigated Appellant's business activity on various occasions throughout 2021. While undercover, the officers observed multiple violations over a period of several visits, ultimately citing Appellant three separate times for the violations of mandates issued during the pandemic.[2]

Appellant contested these citations, arguing that the relevant mandates exceeded the statutory authority of the Governor and the Secretary of Health, violated the United States and/or Pennsylvania constitutions, violated the separation of powers doctrine, and violated the unclean hands doctrine.[3] Appellant additionally offered theories of recovery in contract law and notice and service requirements for administrative agencies.

Both parties agreed to a series of stipulated facts. Based on these facts, an administrative law judge (ALJ) concluded that Appellant was noncompliant and

---

[1] We derive this background from the findings of the trial court. *See* Trial Ct. Op., 7/15/24. We note that the parties stipulated to these facts. *See id.*; Stip. of Facts, 8/22/22.

[2] Issued by former Governor Wolf and former Secretary of Health Levine, these mandates imposed certain guidelines and restrictions on businesses during the pandemic and authorized penalties for businesses in the restaurant and retail food service industry which: (1) did not require all customers to wear face masks while entering, exiting, or otherwise traveling throughout the establishment, (2) did not provide or require employees to wear face masks at all times while at the establishment, (3) sold and/or served alcohol to a patron for on-premises consumption in a transaction that did not include a meal, (4) allowed a patron to be seated at the bar, (5) permitted patrons to consume alcohol and/or food while not seated at tables or booths, (6) sold, furnished or gave alcoholic beverages for on-premises consumption after 11:00 p.m., (7) permitted patrons to possess and/or consume alcoholic beverages on the licensed premises after midnight, and (8) sold alcoholic beverages after their health permit or license was revoked. *See* Pa. Bureau of Liquor Control Enf't, Citation No. 21-0236; Pa. Bureau of Liquor Control Enf't, Citation No. 21-0321; Pa. Bureau of Liquor Control Enf't, Citation No. 21-0574.

[3] The instant appeal is solely related to Appellant's three citations that are associated with the COVID-19 pandemic. *See* Trial Ct. Op. at 1 (explaining that Appellant stipulated to facts supporting a fourth citation, involving a non-COVID related noise violation).

ordered Appellant to pay a fine of $6,750 and serve a 75-day suspension of its liquor license. Thereafter, Appellant timely appealed to the Pennsylvania Liquor Control Board (Board), which affirmed the ALJ's decision.

Appellant then appealed to the trial court.[4] On July 15, 2024, following its *de novo* review, the trial court dismissed the appeal. The court held that neither the Governor nor the Secretary of Health had exceeded their statutory authority, the mandates did not violate the United States or Pennsylvania constitutions, and it further rejected Appellant's remaining arguments. Accordingly, the trial court reimposed the penalties initially set by the ALJ and affirmed by the Board.

On August 5, 2024, Appellant filed its mitigation motion. Two days later, the trial court tentatively scheduled a hearing and issued a rule upon BLCE, directing BLCE to explain why Appellant's requested relief should not be granted. *See* Trial Ct. Order, 8/7/24 (Rule). Following BLCE's response, on August 29, 2024, the trial court cancelled the hearing and denied Appellant's motion.

On September 30, 2024, Appellant appealed to this Court. BLCE thereafter filed an application to quash the appeal as untimely. Appellant rejects this assertion. In Appellant's view, its mitigation motion should be considered a motion for reconsideration, and this motion was granted by the trial court, thus tolling the appeal period.

## II. ISSUE

Appellant presents two issues for our review. First, Appellant asserts that the COVID-19 mandates were invalid and, thus, unenforceable against Appellant. *See* Appellant's Br. at 6-15. Second, in the alternative, Appellant asserts

---

[4] The Court of Common Pleas has appellate jurisdiction in a liquor code enforcement case, allowing it to address monetary penalties and license suspension citations *de novo*. *See* 47 P.S. § 4-471(b).

3

that this matter should be remanded to the trial court to consider Appellant's mitigating evidence. *See id* at 15-16.

### III. DISCUSSION[5]

We first address the timeliness of this appeal as it implicates our jurisdiction. *See Brown v. Greene Cnty. Off. of Dist. Att'y*, 255 A.3d 673, 675 (Pa. Cmwlth. 2021). Pennsylvania Rule of Appellate Procedure 903(a) provides that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). It is well settled that the time for filing an appeal cannot be extended as a matter of grace or mere indulgence. *Bass v. Commonwealth*, 401 A.2d 1133, 1135 (Pa. 1979); *Martin v. Zoning Hr'g Bd. of W. Vincent Twp.*, 230 A.3d 540, 545 (Pa. Cmwlth. 2020). Absent extraordinary circumstances, this Court must quash an untimely appeal. *City of Phila. v. Frempong*, 865 A.2d 314, 317 (Pa. Cmwlth. 2005); *Mazyck v. Harris* (Pa. Cmwlth., No. 880 C.D. 2022, filed Sept. 9, 2025), 2025 WL 2601783.[6]

In this case, the trial court denied and dismissed Appellant's statutory appeal on July 15, 2024. *See* Trial Ct. Order, 7/15/24. Appellant did not appeal from this final order until September 30, 2024, well beyond the expiration of the 30-day appeal period. *See* Notice of Appeal, 9/30/24. Thus, Appellant's appeal was patently untimely. *See* Pa.R.A.P. 903(a).

Nevertheless, Appellant maintains that it timely filed a motion for reconsideration. *See* Answer to Appl. to Quash, 11/5/24, at ¶ 3. Further, in

---

[5] This Court's review in a liquor code enforcement appeal is limited to determining whether the trial court committed an error of law or an abuse of discretion. *Derry Street Pub, Inc. v. Pa. State Police, Bureau of Liquor Control Enf't*, 111 A.3d 1240, 1245 n.8 (Pa. Cmwlth. 2015) (citing *Pa. State Police, Bureau of Liquor Control Enf't v. Wilner*, 687 A.2d 1216, 1218 n.4 (Pa. Cmwlth. 1997)).

[6] We may cite unpublished decisions of this Court for their persuasive value. 210 Pa. Code § 69.414(a).

Appellant's view, the trial court effectively granted reconsideration when its Rule directed BLCE to respond to the motion for mitigation, thereby tolling the appeal period. *See id.* at ¶ 3-15. In BLCE's view, the original appeal period was never tolled and expired thirty days after the court issued its July 15 order. *See* BLCE's Appl. to Quash, 10/24/24, at ¶ 3-7.

A party may seek reconsideration by filing a motion with the court within the time prescribed by law. *See* Pa.R.A.P. 1701(b)(3). However, merely filing a motion requesting reconsideration does not toll the 30-day appeal period. *Oak Tree Condominium Ass'n* v. *Greene*, 133 A.3d 113, 116 (Pa. Cmwlth. 2016); *see* Pa.R.A.P. Section 1701(b)(3)(ii). Rather, the trial court must expressly grant reconsideration during the relevant period for tolling to take effect. *Murkey v. Corbin*, 539 A.2d 964, 965 (Pa. Cmwlth. 1988). An order that expressly grants reconsideration is one that "clearly state[s] that the final order is rescinded and reconsideration is granted." *Oak Tree Condominium Ass'n*, 133 A.3d at 116.

Additionally, it is well settled that when a court issues a rule to show cause in response to a party's motion, the rule "merely affords the nonmoving party an opportunity to be heard on the issue." *See Hook v. Athens Area Sch. Dist.*, 413 A.2d 1151, 1152-53 (Pa. Cmwlth. 1980). Alone, absent an express grant, a rule to show cause does not grant reconsideration. *Id.* This remains so even if the trial court tentatively schedules a hearing to consider the motion. *See Murkey*, 539 A.2d at 965.[7]

---

[7] The *Murkey* Court summarized as follows:

> In short, nothing less than an unconditional order which expressly grants reconsideration entered within 30 days of the initial appealable order, will be sufficient to effectuate a new 30–day appeal period commencing with the date a final order on the merits is entered.

539 A.2d at 965.

Here, Appellant did not clearly request reconsideration. *See* Mot. for Mitigation, 8/5/24. Although Appellant sought an additional hearing to present mitigating evidence, Appellant did not challenge its liability, nor did Appellant ask the trial court to rescind its final order. *See id.* Nevertheless, even if we construe Appellant's mitigation motion as a request that the trial court reconsider its prior order, it remains that the trial court never expressly granted reconsideration. *See* Rule. In response to Appellant's motion, the trial court did nothing more than issue a rule upon BLCE and tentatively schedule a hearing; its Rule neither expressly and unconditionally granted reconsideration, nor did its Rule rescind the final order. *See id.* Thus, Appellant's appeal period, which commenced on July 15, 2024, was not tolled. *See Murkey*, 539 A.2d at 965.

## IV. CONCLUSION

Appellant did not timely appeal from the trial court's July 15 order. *See* Pa.R.A.P. 903(a). Additionally, the trial court did not expressly grant Appellant reconsideration, and the appeal period was not tolled when the trial court issued a rule. *See Murkey*, 539 A.2d at 965; *Hook*, 413 A.2d at 1152-53. Accordingly, we grant BLCE's application to quash and quash Appellant's appeal.[8] *See Frempong*, 865 A.2d at 317.

**LORI A. DUMAS, Judge**

---

[8] As we lack jurisdiction on appeal, we may not consider Appellant's substantive arguments.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania State Police, Bureau of : 
Liquor Control Enforcement : 
: No. 1322 C.D. 2024
v. : 
: 
C & M Entertainment, LLC t/a : 
The Port Bar & Grill, : 
Appellant : 

# **O R D E R**

AND NOW, this 19th day of May, 2026, the application to quash filed by Pennsylvania State Police, Bureau of Liquor Control Enforcement is GRANTED; the appeal of C&M Entertainment, LLC t/a The Port Bar & Grill is QUASHED.

**LORI A. DUMAS, Judge**